PEATROSS, J.
 

 h In this suit for damages allegedly arising out of an automobile accident, the trial court awarded $2,619.70 to Plaintiff (mother) Joycelyn Holden, $1,039.91 to her daughter, Joyia Holden, each award representing general damages plus emergency room fees. The trial judge, however, denied the injury claim of Ms. Holden’s second daughter, Ravyn Holden. In addition, finding Ms. Holden’s testimony lacking in credibility, the trial court refused to award medical expenses for the subsequent treating physicians or lost wages. Ms. Holden, individually and on behalf of her daughters, appeals. For the reasons stated herein, we affirm.
 

 FACTS
 

 On September 13, 2005, Ms. Holden was traveling south on North Market Street in Shreveport with her daughters, Joyia and Ravyn, as passengers, when her vehicle was struck from the side by a truck driven by Defendant David Boer. Mr. Boer was
 
 *223
 
 driving the track in the scope of his employment with defendant Eastex Materials (“Eastex”). Ms. Holden, Joyia and Ravyn were taken by Ms. Holden’s father to the Sehumpert-Highland ER a few hours after the accident where they were treated and released. The three subsequently sought treatment from Dr. Thomas Johnson, a chiropractor, and were treated and released on the same dates (in mid-October). At the end of the following January, the three sought treatment from Dr. Richard Kamm, who indicated in his report that they complained of pain, but he could find no objective signs of injury.
 

 Ms. Holden subsequently filed suit individually and on behalf of her daughters against Mr. Boer, Eastex and his insurer, Zurich American | insurance Company (“Zurich”), seeking recovery for alleged injuries sustained in the accident. The primary complaints of the three plaintiffs were neck pain, arm pain and numbness and headaches. Ms. Holden also sought lost wages, claiming that she could not work until January due to her accident-related injuries.
 
 [1]
 

 Significantly, during a visit to her family doctor, Dr. Robert Savory, on October 14, 2005, one month after the accident, Ms. Holden presented very ill, with intense headaches, fever and chills. She underwent a battery of tests, was hospitalized and ultimately diagnosed with pseudotu-mor cerebri, which concerns the pressure of the spinal fluid, unrelated to the accident. A neurologist, Dr. Benjamin Nguyen, consulted on her case during this time. Ms. Holden advised Dr. .Nguyen that she was not seeking treatment for an automobile accident injury, but she made the same physical complaints of neck pain and headaches that she made to Drs. Johnson and Kamm. At a follow-up appointment in Dr. Nguyen’s office, Ms. Holden signed a form confirming that her ailments were not accident-related.
 

 Ms. Holden was the only witness at the bench trial. The trial judge found Ms. Holden to be lacking in credibility for several reasons. He stated that she was evasive, the graphs did not match up with her story of the severity of the accident, she was deceptive regarding her time off work and she was not forthcoming about her visits to the doctors and how she was referred to Drs. Johnson and Kamm. She testified that she did not recall |3how she came to see Drs. Johnson and Kamm, stating that she must have found them in the phone book. In addition, she testified that it felt as though the car lifted up in the air when it was hit.' Considering the minimal property damage, the trial judge did not find her story to be credible.
 

 In addition, Ms. Holden, who is an R.N., admitted in her deposition that she had suffered a previous work-related neck injury which caused intermittent pain. Also, in 2001, Ms. Holden was diagnosed with a herniated disk in the cervical region. She did not disclose these conditions to Drs. Johnson and Kamm. In her trial testimony, Ms. Holden confirmed these prior conditions and that she did not disclose them to her treating physicians.
 

 The trial judge did, however, find that the accident occurred and that Mr. Boer was at fault. The trial judge awarded Ms. Holden $1,500 in general damages, plus the medicals for the emergency room visit, totaling $2,619.70.
 
 [2]
 
 He awarded Joyia
 
 *224
 
 $750 in general damages, plus her emergency room bill, for a total of $1,309.91. The trial judge found that Ravyn was not entitled to damages as the records showed no signs of objective injury to her. Regarding the medical expenses related to treatment by Drs. Johnson and Kamm, the trial judge placed little weight on the records of those doctors and found no basis for awarding their fees. In addition, the trial judge found Ms. Holden’s testimony regarding her time out of work to be evasive and not credible. Accordingly, the trial judge refused an award for lost wages. This appeal ensued.
 

 |
 
 ¿DISCUSSION
 

 Ms. Holden challenges the trial court’s determination that she was not a credible witness. Ms. Holden defends her testimony on her failure to recall how she selected the doctors and notes that this is not a significant factor in determining damages. She further states that there is no documentary evidence that contradicts her testimony regarding her pain and injuries. Ms. Holden also takes issue with the decision of the trial judge to heavily discount the medical records of Dr. Johnson.
 

 A trial court’s findings of fact will not be disturbed on appeal unless the reviewing court finds that they are clearly wrong or manifestly erroneous.
 
 Stobart v. State, Through Department of Transportation and Development,
 
 617 So.2d 880 (La.1993);
 
 Rosell v. ESCO,
 
 549 So.2d 840 (La.1989). Under the manifest error standard, the appellate court must not reweigh the evidence or substitute its- own factual findings.
 
 Salvant v. State,
 
 05-2126 (La.7/6/06), 935 So.2d 646. Where there are two permissible views of the evidence, the fact finder’s choice between them cannot be manifestly erroneous or plainly wrong.
 
 Id.
 

 To reverse a trial court’s factual determinations, the appellate court must find that a reasonable factual basis does not exist for the finding of the trial court and that the record establishes that the finding is clearly wrong. When findings are based on determinations regarding the credibility of a witness, the manifest error-clearly wrong standard demands great deference to the trier of fact’s findings.
 
 Hanger One MLU, Inc. v. Unopened Succession of Rogers,
 
 43,120 (La.App.2d Cir.4/16/08), 981 So.2d 175; |5
 
 Green v. Nunley,
 
 42,343 (La.App.2d Cir.8/15/07), 963 So.2d 486. Further, when the factual finding of the trial court is based on a credibility call, that finding can virtually never be manifestly erroneous or plainly wrong.
 
 Salvant, supra; Stobart v. State, supra.
 
 This is so because only the trier of fact can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener’s understanding and belief in what is said.
 
 Rosell, supra.
 
 A trial court is granted wide discretion in assessing the probative value of evidence and is free to accept or reject, in whole or in part, the testimony of any witness.
 
 In re Succession of Lawler,
 
 42,940 (La.App.2d Cir.3/26/08), 980 So.2d 214,
 
 writ denied,
 
 08-1117 (La.9/19/08), 992 So.2d 939.
 

 In the case
 
 sub judice,
 
 the trial judge expressly stated that his ruling was based on the lack of credibility of the testimony of Ms. Holden. The oral reasons given by the trial judge outline the bases for his discounting of Ms. Holden’s testimony as well as the records of Dr. Johnson. The trial judge stated in his reasons that the records of Dr. Johnson say “pretty much” exactly what Ms. Holden relates and all three of the plaintiffs were treated on the same dates, for the same complaints and were released on the same date. For these reasons, the judge gave little, if any, weight to Dr. Johnson’s findings.
 
 [3]
 

 
 *225
 
 Our review of the record reveals a reasonable basis for the trial judge’s conclusion regarding the lack of credibility of Ms. Holden. The trial | ¿judge was in the best position to listen to Ms. Holden’s testimony, observe her demeanor while testifying and apply the appropriate weight to her testimony and the records of her chiropractor. These determinations are afforded great deference and we will not disturb them on appeal. Further, the conclusions of the trial judge that Ravyn sustained no objective injury and that there was no basis for an award of lost wages to Ms. Holden are well supported by the record.
 

 CONCLUSION
 

 For the foregoing reasons, the judgment of the trial court is affirmed at the cost of Joycelyn Holden,
 
 et al.
 

 AFFIRMED.
 

 [1]
 

 . The record indicates that Ms. Holden did not work from sometime shortly' after the accident until January. She reluctantly admitted, however, after questioning by the trial judge, that she "may” have been taken off of work approximately two weeks
 
 prior
 
 to the accident for medical reasons, but she could not remember.
 

 [2]
 

 . The property damage claim in the amount of $1,677.56 was paid by Zurich prior to trial.
 

 [3]
 

 . The trial judge found significant that the only medical expenses presented to the court were from Drs. Johnson and Kamm and both doctors had agreed not to charge Ms. Holden in advance of treatment.