WILLIAMS, J.
 

 IjThe defendant, Aaron Chauvin, appeals a judgment ordering him to pay $9,938.79 in past due child support and $8,000 in attorney fees to the plaintiff, Michelle Chauvin. The trial court found defendant in contempt and sentenced him to serve 90 days in jail, suspended on the condition that he pay all sums due within 180 days of the judgment date. The court further ordered the parties to split all expenses incurred for the academic, athletic, social and cultural development of the children, with defendant paying 65% and the plaintiff 35% of such costs. For the following reasons, we affirm.
 

 FACTS
 

 Aaron and Michelle Chauvin were married in August 1996. Two children, L.A.C. and S.V.C., were born of the marriage. The parties separated in 2002 and a judgment of divorce was rendered in February 2003. The parties were awarded joint custody of the children and the mother was designated as domiciliary parent with visitation by the father, who was ordered to pay $700 per month in child support and $700 per month in spousal support for one year.
 

 In February 2005, the mother filed a rule for an increase in the amount of child support. In March 2005, the trial court rendered judgment ordering defendant to pay $950 per month in child support and to maintain health insurance for the children, with the parties to pay 50% of the co-pay expenses and to divide the payment of health care expenses not covered by insurance, with defendant paying 65% and plaintiff 35% of such costs. The parties were ordered to share the private school education expenses and after school care costs of the children on the same 65/35 basis. After the 1 judgment, the defendant followed a practice by which he would add or subtract each party’s share of the children’s expenses when he paid the monthly child support. The defendant kept a handwritten log of the additions and deductions.
 

 According to defendant’s records, for some reason the children were not covered by health insurance in September-October 2005. In October 2005, the plaintiff was hired by Kansas City Southern Railway (KCS) and resumed providing health insurance for the children through KCS, which offered better coverage than defendant’s employer. Defendant then added $30 to the child support payment, allegedly to reflect 65% of the health insurance premium, and paid $980 per month through January 2006. From February 2006 through August 2007, defendant paid $1,033.42 in monthly child support, including an increased amount for a portion of the health insurance premium.
 

 In September 2007, the plaintiff was fired from her employment and could no longer maintain the children’s health insurance. The children were then uninsured from September-November 2007. In December 2007, defendant obtained health insurance for the children with a monthly premium of $219.33. He then deducted $76.77, which was 35% of the premium amount, from the $950 child support payment each month through November 2008. The cost of health insurance greatly increased after S.V.C. was diag
 
 *1196
 
 nosed with Tourette’s Syndrome. In February 2009, the plaintiff said that she could not afford the 35% deduction because she was unemployed and told defendant that she had enrolled the children in|sLaCHIP, the state health insurance program for children administered through Medicaid. The defendant then stopped providing health insurance coverage for the children, despite the 2005 judgment.
 

 In March 2009, the defendant filed a petition to modify custody. In November 2009, the plaintiff filed a petition seeking a rule ordering defendant to show cause why he should not be held in contempt for his failure to provide health insurance for the children and to pay the accrued unpaid child support. In December 2009, a consent judgment was rendered in open court ordering defendant to pay child support of $1,646.36 for the months of August through May and $980.19 for the months of June and July, when private school tuition was not due. This increased child support was made retroactive to January 2009. All academic expenses other than tuition and expenses “for all required or agreed upon extracurricular” activities were ordered to be paid 65% by defendant and 35% by plaintiff.
 

 The hearing on each party’s rule for contempt and for past due child support was held in August 2010. After hearing the evidence, the trial court found that the defendant should have been paying child support of $950 per month from April 2005 through December 2008 and that he owed past due child support for every month in 2009. The court also found a total child support arrearage of $9,938.79 and that defendant was in contempt for his failure to pay child support. The court sentenced him to serve 90 days in the parish jail, with the sentence suspended on condition that he pay all sums due within 180 days of the date of judgment. The trial court rendered judgment ordering that defendant pay the arrearage amount and $8,000 in | ¿attorney fees to plaintiff and requiring the parties to split all expenses incurred for the purposes of improving the academic performance of the children and enhancing the athletic, social or cultural development of the children, with defendant paying 65% and plaintiff paying 35% of such costs. The defendant appeals the judgment.
 

 DISCUSSION
 

 The defendant contends the trial court was clearly wrong in finding that the parties did not extrajudicially agree to modify the 2005 judgment. Defendant argues that despite the judgment, he was not required to pay the entire cost of health insurance for the children because the parties had agreed he would pay only 65% of the premiums.
 

 Generally, a child support judgment remains in effect until the party ordered to pay support has the judgment modified or terminated by a court.
 
 Hal-comb v. Halcomb,
 
 352 So.2d 1013 (La.1977). One exception to this rule is when the parties have clearly agreed to waive or modify the court-ordered payments, the court will uphold such an agreement. The second exception considers the actions of the mother in placing custody of the children with the father.
 
 Vallaire v. Vallaire,
 
 433 So.2d 315 (La.App. 1st Cir.1983). Courts apply a strict standard when determining whether the child support has been waived. The mother’s mere acquiescence in the father’s failure to pay child support is not a waiver.
 
 Dubroc v. Dubroc,
 
 388 So.2d 377 (La.1980).
 

 An appellate court may not set aside a trial court’s finding of fact in the
 
 *1197
 
 absence of manifest error or unless it is clearly wrong.
 
 Stobart v. State 5DOTD,
 
 617 So.2d 880 (La.1993);
 
 Statham v. Statham,
 
 43,324 (La.App.2d Cir.6/11/08), 986 So.2d 894. Under the manifest error standard of review, the appellate court must not reweigh evidence or substitute its own factual findings. When there are two permissible views of the evidence, the trial court’s choice between them cannot be clearly wrong.
 
 Salvant v. State,
 
 05-2126 (La.7/6/06), 935 So.2d 646.
 

 In the present case, Aaron Chauvin, the defendant, testified that despite the 2005 judgment requiring him to provide health insurance for the children, the parties had agreed to split the premium cost, "with him paying 65% and the plaintiff 35%. Defendant stated that this agreement began after a 2003 judgment, which had required the plaintiff to provide the children’s health insurance coverage. Defendant testified that the parties maintained this split of the insurance premium after the 2005 judgment. He acknowledged that there was no specific conversation in which the parties agreed to divide the premium cost and that there was no written agreement, only a number of emails from the plaintiff referring to the amount defendant would pay for health insurance.
 

 Michelle Chauvin, the plaintiff, testified that the defendant had not paid her 65% of the premium cost after the 2003 judgment, because at that time she was employed by KCS and did not pay any portion of the health insurance premium under the union collective bargaining agreement. The plaintiff stated that there was no agreement to split the insurance premium in 2003 because none was owed.
 

 Contrary to the defendant’s contention in his brief, the emails sent by | fiplaintiff do not discuss an agreement to divide the health insurance premium, but refer to an amount for health insurance to be paid by defendant. The defendant could not specify when the parties had agreed to split the premium cost and the evidence presented supports the trial court’s finding that his testimony regarding the basis of the parties’ alleged agreement was not credible. In addition, the defendant’s failure to provide health insurance as required by the 2005 judgment did cause detriment to the children, as was shown by his admission that the children were not covered by health insurance at certain times as a result. Based upon this record, we cannot say the trial court was clearly wrong in finding that the defendant failed to meet his burden of proving that the parties had agreed to modify the judgment which ordered him to provide health insurance for the children. Thus, the assignment of error lacks merit.
 

 Contempt
 

 The defendant contends the trial court erred in finding that he was in contempt of court. The defendant argues that the contempt finding should be reversed because he did not willfully disobey the court’s order.
 

 Wilful disobedience of any lawful judgment or order of the court constitutes a constructive contempt of court. LSA-C.C.P. art. 224. Wilful disobedience is defined as an act or failure to act that is done intentionally, knowingly and purposefully, without justification. The party seeking contempt must show that the alleged offender wilfully disobeyed a direct order of the court prior to the contempt rule.
 
 Howard v. Oden,
 
 44,191 (La.App.2d Cir.2/25/09), 5 So.3d 989;
 
 Baker v. Baker,
 
 42,182 (La.App.2d 7Cir.6/20/07), 960 So.2d 1264;
 
 New v. New,
 
 93-702 (La.App. 5th Cir.1/25/94), 631 So.2d 1183. A trial court
 
 *1198
 
 is vested with great discretion in determining whether a person is to be held in contempt and its decision will not be reversed absent an abuse of that discretion.
 
 Smith v. Smith,
 
 35,378-379 (La.App.2d Cir.9/26/01), 796 So.2d 726;
 
 New, supra.
 

 In the present case, the judgment rendered in December 2009 ordered defendant to pay monthly child support of $1,646.36 from August through May, and pay $980.19 for June and July, retroactive to January 2009. However, the first month after the judgment, January 2010, the defendant paid only $950 in child support. Then for each of the following months through June 2010, defendant paid the court-ordered amount of child support without making any additional payments toward reducing the arrearage amount, despite his knowledge that he owed past due support for every month of the prior year under the December 2009 judgment.
 

 The record shows that defendant refused to pay any sum toward that arrear-age, up to the time of the August 2010 hearing, even though he disputed only the amount of approximately $1,700 in health insurance premiums and various other minor amounts, including his share of the expenses for his daughter’s confirmation and graduation dresses and his son’s 4-H Club activities. Based on the evidence presented, the plaintiff proved that the defendant knowingly and intentionally disobeyed the court’s lawful judgment. Consequently, we cannot say the trial court abused its discretion in holding the defendant in contempt of court. The assignment of error lacks merit.
 

 |
 
 sExpenses Incurred for the Children’s Activities
 

 The defendant contends the trial court erred in ordering the parties to divide all expenses for the academic and social development of the children as provided in LSA-R.S. 9:315.6. Defendant argues that the court did not have authority to make such an order because the issue of modifying the prior child support award was not before the court.
 

 A child support award may be modified if the circumstances of the child or either parent materially change. LSA-C.C. art. 142. The party seeking modification must show a material change in a party’s circumstances between the time of the prior award and the date of the rule to modify. LSA-R.S. 9:311. By agreement of the parties or order of the court, certain expenses incurred on behalf of the child may be added to the basic support obligation, including tuition, books and fees for attending a private elementary school, and special expenses to enhance the child’s athletic, cultural or social development. LSA-R.S. 9:315.6.
 

 In the present case, the record does not support the defendant’s argument that the trial court improperly modified the December 2009 child support award by ordering the parties to split those expenses incurred for the purposes stated in Section 315.6. The December 2009 judgment ordered the defendant to pay monthly child support of $1,646.36 from August to May and $980.19 for June and July. The judgment also required the parties to split the expenses for school and required or agreed upon extracurricular activities. The trial court’s September 2010 order did not change the monthly child support payments, but clarified for the parties that the | ¡¡expenses which they had been required to split in the previous judgment were those expenses incurred for the purposes set forth in Section 315.6. The court found that such clarification was necessary because of
 
 *1199
 
 the parties’ inability to agree on the need for certain expenses, such as the defendant’s refusal to pay a portion of the cost for summer algebra and reading classes for their daughter. Based upon this record, we cannot say the trial court abused its discretion in specifying that the parties must split those expenses incurred to enhance the academic, social and cultural development of their children. The assignment of error lacks merit.
 

 Attorney Fees
 

 The defendant contends the trial court abused its discretion in awarding attorney fees to plaintiff. The defendant argues that he was not arbitrary in failing to make payments in accord with the 2005 judgment, because he legitimately believed the parties had agreed to share the health insurance premium costs.
 

 LSA-R.S. 9:375 provides that when the court renders judgment making past due child support executory, the court shall award attorney fees to the prevailing party, except for good cause. The trial court has much discretion in determining whether good cause exists and in assessing the amount of attorney fees awarded.
 
 Burnette v. Burnette,
 
 98-0498 (La.App. 4th Cir.10/21/98), 720 So.2d 757. Good cause for the nonpayment of child support exists when the defendant’s failure to pay is not arbitrary or capricious.
 
 Tuey v. Tuey,
 
 546 So.2d 235 (La.App. 2d Cir.1989).
 

 In his appellate brief, the defendant asserts that his belief that the 1 inparties had extrajudicially agreed to modify the 2005 judgment regarding the payment of insurance premiums constitutes good cause to omit the award of attorney fees. However, as previously noted in this opinion, the defendant failed to present evidence to show that there was such an agreement on which he could reasonably rely as a basis for his failure to provide health insurance for the children. In addition, the amount of unpaid insurance premiums was a relatively small portion of the total arrearage, which largely resulted from defendant’s failure to pay the child support due under the December 2009 judgment. The record shows that plaintiff was required to hire an attorney to collect the unpaid child support. Thus, the trial court did not abuse its discretion in awarding attorney fees pursuant to LSA-R.S. 9:375.
 

 Regarding the amount of the award, the plaintiffs attorney submitted an accounting of the attorney fees incurred by plaintiff. Defendant has not demonstrated that the amount of attorney fees awarded is excessive. Based on the evidence presented, we conclude that the award of $8,000 in attorney fees was reasonable. The assignment of error lacks merit.
 

 Evidence
 

 The defendant contends the trial court erred in accepting the exhibits offered by plaintiff as proof of payment of expenses. Defendant argues that the plaintiff failed to produce cancelled checks or a bank statement showing that the checks had been cashed as proper proof of payment.
 

 The trial court possesses wide discretion in assessing the probative value of evidence.
 
 Holden v. Zurich American Ins. Co.,
 
 44,242 (La.App.2d11 Cir.5/13/09), 13 So.3d 221;
 
 City of Baton Rouge v. Tullier,
 
 401 So.2d 422 (La.App. 1st Cir.1981).
 

 In this case, the defendant complains that the plaintiff failed to produce proper proof of payment by offering only copies of handwritten duplicate checks, various re
 
 *1200
 
 ceipts that she claimed had been paid on behalf of the children and emails she received from the children’s school indicating that money was due for student activities. At trial, plaintiff testified that the information contained in some of her exhibits had been obtained from discovery provided by the defendant. In addition, the plaintiff explained the expenses and payments that were represented by the various checks, receipts and email messages. We note that although defendant criticizes the validity of plaintiffs proof, he used his own handwritten notes to support his testimony at trial. The trial court was able to examine the documentation and hear the plaintiff testify. Based on this record, the trial court did not abuse its discretion in accepting the plaintiffs exhibits as proof of the expenses and payments made on behalf of the children. The assignment of error lacks merit.
 

 CONCLUSION
 

 For the foregoing reasons, the trial court’s judgment is affirmed. Costs of this appeal are assessed to the appellant, Aaron Chauvin.
 

 .AFFIRMED.