WALTER J. ROTHSCHILD, Judge.
|2On March 8, 2010, Larnell Fleming filed a Petition to Disavow Paternity against Asiann Armant,[1] alleging that he is not the biological father of the minor child, Larnell Fleming, Jr., who was born on December 21, 2008. Mr. Fleming indicated that he had previously executed an acknowledgement of paternity and placed his name on the birth certificate of the child, because he had believed that he was the child’s father. However, he claims that a DNA test was performed and it revealed that he is not the father. The trial court appointed a curator to represent the interests of the minor child. Af *1073 ter exceptions of no cause of action and prescription were filed, Mr. Fleming filed an Amended Petition on April 30, 2010, in which he claimed that Ms. Armant induced him to sign an acknowledgment of paternity by fraud and he sought to revoke his acknowledgement of paternity under the provisions of LSA-R.S. 9:406(B).
On February 24, 2011, Ms. Armant filed a Motion for Scientific Paternity Testing, asking the trial court to order Mr. Fleming to submit to scientific testing in Rorder to determine the paternity of the minor child. In her motion, Ms. Armant agreed to withdraw any and all pending paternity claims against Mr. Fleming if the test results clearly show that he is not the biological father of the child.
On March 31, 2011, the parties appeared before the domestic hearing officer and entered into a stipulation. The parties agreed that both parties and the child would submit to blood/tissue sample testing by April 15, 2011 at a particular facility at the mother’s expense. Ms. Armant further agreed that if the testing shows that Mr. Fleming is not the biological father of the child, she would execute a consent judgment to rescind his acknowledgement and remove his name from the child’s birth certificate. Ms. Armant, counsel for Mr. Fleming, and the curator representing the minor child signed the document setting forth these stipulations, which was made a judgment of the court.
On July 19, 2011, Mr. Fleming filed a Rule for Contempt and to Show Cause, asserting that he and the minor child submitted to a DNA analysis on April 4, 2011, and that he was excluded as the biological father of the child. He claimed that Ms. Armant should be held in contempt and ordered to pay attorney fees and costs, because she agreed to sign a consent judgment if the testing revealed that Mr. Fleming was not the father of her child, but she has refused to do so.
On September 19, 2011, the parties appeared again before the domestic hearing officer. The hearing officer recommended that appropriate sanctions be assessed against Ms. Armant because she refused to sign a consent judgment despite her previous stipulation. The hearing officer’s recommendation was made an interim judgment of the court. On September 21, 2011, Ms. Armant filed an Objection to Hearing Officer’s Recommendation and Judge’s Interim Order, requesting a de novo hearing of the matter by the trial judge.
14This case came before the trial judge for hearing on October 12, 2011. After a brief hearing, the trial judge granted Mr. Fleming’s Petition to Revoke Acknowl-edgement of Paternity and Rule for Contempt, and ordered Ms. Armant to pay $500.00 each to Mr. Fleming’s attorney and the curator, as well as court costs. She also found that Ms. Armant’s Motion to Dismiss Plaintiffs Disavowment Claim, which was filed on August 10, 2011, was moot. On that same date, she also signed a judgment decreeing that Larnell Fleming is not the father of Larnell Fleming, Jr., ordering that Mr. Fleming be allowed to rescind his acknowledgement of paternity, and ordering the State of Louisiana to remove Mr. Fleming’s name from the child’s birth records. Ms. Armant appeals.

LAW AND DISCUSSION

In her first argument on appeal, Ms. Armant contends that the trial court erred by dismissing her Motion in Limine as “moot.” In her Motion in Limine, Ms. Armant sought an order from the trial court excluding and barring as credible scientific evidence any written statements or documentation referring to alleged DNA results that have not been entered into evidence.
*1074 The record reflects that Ms. Armant filed her Motion in Limine on October 12, 2011. That same day, the parties appeared before the court and the trial judge granted Mr. Fleming’s Petition to Revoke Acknowledgement of Paternity and Rule for Contempt, which resolved all pending issues in this lawsuit. During the hearing on these motions, Ms. Armant filed two motions with the Clerk of Court. Presumably, Ms. Armant’s Motion in Limine was one of these motions, as the records shows that it is one of only two motions that were filed that day by Ms. Armant. Nevertheless, the Motion in Limine was not set for hearing before the trial judge on October 12, 2011.
| r,Considering that the trial judge ruled on the merits of this lawsuit on October 12, 2011, and there were no remaining issues to litigate after that date, the trial judge did not err in denying Ms. Armant’s Motion in Limine as moot at that time. This assignment of error is without merit.
In her second argument on appeal, Ms. Armant contends that the trial judge erred in granting Mr. Fleming’s Petition to Revoke Acknowledgement of Paternity, because Mr. Fleming did not meet his burden of proving by clear and convincing scientific evidence that he is not the biological father of the minor child. Mr. Fleming responds that he did not have a burden of proof to meet, because this matter did not go to trial and Ms. Armant stipulated that she would consent to a judgment in Mr. Fleming’s favor if a blood test proved that he is not the child’s father.
Mr. Fleming filed an Amended Petition seeking to revoke his acknowledgement of paternity under LSA-R.S. 9:406(B)(1), which provides in pertinent part:
.... a person who executed an authentic act of acknowledgement may petition the court to revoke such acknowledgement only upon proof, by clear and convincing evidence, that such act was induced by fraud, duress, material mistake of fact or error, or that the person is not the biological parent of the child.
In the present case, the record is devoid of any evidence to support Mr. Fleming’s Petition to Revoke Acknowledgment of Paternity. There was no testimony or evidence presented to establish that Mr. Fleming is not the biological father of the child. As stated above, clear and convincing evidence is required under LSA-R.S. 9:406(B) for the court to order that an acknowledgement of paternity is revoked. Although Ms. Armant stipulated that she would sign a consent judgment if the DNA test results revealed that Mr. Fleming was not the L,father, and thus, the requirements of LSA-R.S. 9:406(B) would not apply, there is no testimony or evidence in the record to establish the results of the DNA testing.
At the hearing on October 12, 2011, counsel for Mr. Fleming indicated that Mr. Fleming submitted to a DNA test and the analysis and results revealed that he is not the child’s father. The curator for the minor child stated that it was her “understanding” that two DNA tests have confirmed that Mr. Fleming is not the child’s father. In her reasons for judgment, the trial judge stated in pertinent part:
At Ms. Armant’s contempt hearing, counsel for Mr. Fleming and court appointed counsel for the minor child stated on the record that they received and reviewed the DNA test results and that Mr. Fleming was definitely excluded from being the minor child’s father.
However, the statements of counsel for Mr. Fleming and the curator for the minor child are not evidence, and they are insufficient to prove the results of the DNA testing.
*1075 Mr. Fleming contends that he is not the father of the minor child at issue. That may be the case. However, the record before us contains no evidence to substantiate his claim. This Court cannot rely on statements of counsel alone in this matter. The record reveals that Ms. Armant did not consent to the revocation of Mr. Fleming’s acknowledgement of paternity. Further, there is no evidence in the record to establish that DNA testing revealed that Mr. Fleming is not the father of the child. Therefore, the record does not show that Ms. Armant was required to consent to the revocation, as per the stipulation.
Accordingly, we find that the trial judge erred by granting Mr. Fleming’s Petition to Revoke Acknowledgement of Paternity and we reverse and vacate the October 12, 2011 judgment, because: 1) Mr. Fleming did not present clear and convincing evidence that he is not the father of the minor child under LSA-R.S. 9:406(B); 2) Ms. Armant did not consent to the judgment in this case; and 3) there 17is no evidence that Ms. Armant was required to consent in accordance with the stipulation of the parties.
In her third argument on appeal, Asiann Armant contends that the trial judge erred by finding her to be in contempt of court and ordering her to pay court costs and attorney fees. She claims that since no DNA evidence was ever provided to the Court to establish that Mr. Fleming is not the father of the child, she was under no legal obligation to sign a consent judgment based merely on allegations of DNA testing results. Mr. Fleming responds that the trial judge was correct to find Ms. Armant in contempt for failing to sign the consent judgment and notes that Ms. Armant has not alleged that the DNA test results prove Mr. Fleming is the father.
In her reasons for judgment, the trial judge found that Ms. Armant was guilty of constructive contempt of court for willfully disobeying a lawful judgment. She found that Ms. Armant intentionally and purposefully failed to abide by the March 31, 2011 judgment, in which she agreed to abide by the results of the court-ordered DNA test, without justifiable cause.
LSA-C.C.P. art. 224(2) provides that “willful disobedience of any lawful judgment, order, mandate, writ, or process of the court,” constitutes constructive contempt of court. To find a person guilty of constructive contempt, the trial court must find that he or she violated the order of court intentionally, knowingly, and purposefully, without justifiable excuse. Parish of Jefferson v. Lafreniere Park Foundation, 98-345, p. 8 (La.App. 5 Cir. 9/15/98), 720 So.2d 359, 364, writ denied, 98-2598 (La.10/28/98), 723 So.2d 965.
The party seeking contempt must show that the alleged offender willfully disobeyed an order of the court prior to the contempt rule. Chauvin v. Chauvin, 46,365, p. 6 (La.App. 2 Cir. 6/22/11), 69 So.3d 1192,1197; Casey v. Casey, 02-0246, p. 7 (La.App. 4 Cir. 5/22/02), 819 So.2d 1108, 1113. A person charged 18with committing a constructive contempt of court may be found guilty thereof and punished therefor only after a trial by the judge of a rule to show cause why he should not be adjudged guilty of contempt and punished accordingly. Pulley v. Pulley, 587 So.2d 116,119 (La.App. 2 Cir.1991); LSA-C.C.P. art. 225(A).
In the present case, Mr. Fleming filed the Rule for Contempt against Ms. Armant and it was his burden to prove that she willfully disobeyed the prior stipulation whereby she agreed to sign a consent judgment if the DNA testing revealed that Mr. Fleming was not the father of her child. However, Mr. Fleming did not for *1076 mally introduce either testimonial or documentary evidence tending to prove Ms. Armant’s willful disobedience or lack of a justifiable excuse for failing to sign the consent judgment. Mr. Fleming cannot rely on a colloquy between the court and counsel for Mr. Fleming or the curator to establish that the DNA test excluded Mr. Fleming as the father or to prove Ms. Armant’s intent, knowledge, or purpose. It is simply not evidence. A finding of willful disobedience on the basis of a total absence of proof is clearly erroneous. Riley v. Pennix, 442 So.2d 563, 565 (La.App. 1 Cir.1983).[2]
Accordingly, because no evidence was presented to establish that Ms. Armant was guilty of constructive contempt, we reverse the trial court’s finding of contempt and the ruling ordering Mr. Armant to pay court costs and $500.00 in attorney fees to Mr. Fleming’s counsel and the curator.
In her fourth argument on appeal, Ms. Armant asserts that the trial judge failed to follow the law, maintain the impartiality and integrity of the case, or maintain the confidence of the public, in violation of the Constitutional rights of Ms. Armant and the minor child. In support of her claim, Ms. Armant com plains that the curator for the minor child was not present at the September 19, 2011 shearing, but the trial judge’s reasons for judgment indicate that the curator was present and stated that she reviewed the results of the DNA test, which excluded Mr. Fleming as the father. Ms. Armant further contends that the trial court failed to enforce various 24th Judicial District Court Rules of Court and Louisiana Rules of Professional Conduct by allowing Mr. Fleming’s attorney and the curator to testify in open court as to their
“knowledge of DNA evidence” and allowing Mr. Fleming’s attorney to pressure Ms. Armant, under the threat of monetary loss, into signing a consent judgment.
We note that Ms. Armant’s quote from the trial judge’s reasons for judgment is not accurate. The trial judge did not state that the curator was present at “the September 19, 2011 contempt hearing” before the domestic hearing officer. Rather, the trial judge simply indicated that she was present at the contempt hearing. Presumably, the trial judge was referring to the October 12, 2011 contempt hearing at which the curator stated on the record that it was her understanding that the DNA test results excluded Mr. Fleming as the father.
This is a court of review, and this assignment of error does not present a reviewable issue for appeal. Nevertheless, we have carefully reviewed the entire record, and we find no merit in Ms. Armant’s remaining assertions against the trial judge and claims of Constitutional violations.

DECREE

For the foregoing reasons, we reverse and vacate the October 12, 2011 judgment granting Mr. Fleming’s Petition to Revoke Acknowledgement of Paternity. We also reverse the trial court’s finding that Ms. Armant was in contempt of court and the ruling ordering her to pay court costs and attorney fees. We remand this case for further proceedings consistent with this opinion.

REVERSED AND REMANDED

. The defendant’s first name is spelled "As-ann” in the petition and other pleadings in the record. However, in the defendant's brief and some of the pleadings filed by her in the trial court, she spells her first name "Asiann.”

. We note that Ms. Armant was present at the hearing in this case, unlike the defendant in Riley v. Pennix, However, neither Ms. Armant nor any other witness was called to testify in this case.