Judgment rendered November 20, 2019.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 53,210-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

SAKURA HANNA                                          Appellant

versus

JOHN HANNA                                            Appellee

* * * * *

Appealed from the
Twenty-Sixth Judicial District Court for the
Parish of Bossier, Louisiana
Trial Court No. 155,938

Honorable John M. Robinson, Judge *(Pro Tempore)*

* * * * *

KAMMER & HUCKABAY                          Counsel for Appellant
By: Pugh T. Huckabay, III

VISHNEFSKI LAW FIRM, LLC                   Counsel for Appellee
By: Rebecca L. Vishnefski

* * * * *

Before GARRETT, STONE and COX, JJ.

**COX, J.**

Sakura Hanna and John Hanna were granted a divorce in the 26th Judicial District Court, Bossier Parish, Louisiana. Ms. Hanna is appealing the trial court's judgment terminating her award of interim periodic spousal support upon the judgment of divorce. Mr. Hanna is appealing the trial court's order holding him in contempt for failure to timely pay interim spousal support. For the following reasons, we affirm the judgment terminating interim periodic spousal support and respectfully reverse the finding of contempt.

## FACTS

Mr. and Ms. Hanna were married on November 20, 2014. Ms. Hanna filed a petition for divorce pursuant to La. C.C. art. 102 on April 18, 2018. At the time of the filing, Ms. Hanna had stage III breast cancer and was undergoing chemotherapy. The two were still living in the same home, but in different bedrooms. In her petition for divorce, she claimed that Mr. Hanna was verbally abusive, which caused her anxiety and exacerbated her medical condition. Ms. Hanna stated that due to her medical and financial conditions, she was unable to leave the matrimonial domicile and support herself. She requested interim periodic spousal support under La. C.C. art. 111 for her care and support. She also reserved her right to seek permanent spousal support under La. C.C. art. 112 because she claimed to be free from fault.

A judgment was signed and filed on July 12, 2018, which awarded Ms. Hanna interim periodic spousal support of $2,000 per month. The judgment states that it is pursuant to the "stipulations and agreement of the

parties, and for reasons this day orally assigned." The record does not contain a transcript of oral reasons. The court minutes, Mr. Hanna's answer and reconventional demand, and Ms. Hanna's answer to reconventional demand all state that the parties agreed to that judgment. The judgment was accompanied by an immediate income assignment order.

On January 23, 2019, Mr. Hanna filed a first supplemental and amended petition. He alleged that the parties separated on April 30, 2018, and have not reconciled since that date, a period of more than 180 days prior to the filing of this petition. He requested a judgment of divorce pursuant to La. C.C. art. 103. On February 12, 2019, Mr. Hanna filed an answer to the 102 petition and reconventional demand pursuant article 103. He requested a final divorce and termination of interim spousal support.

The trial court granted the divorce on April 9, 2019. In the judgment, the trial court scratched through the portion of the judgment which would have terminated the interim spousal support.

On April 19, 2019, Ms. Hanna filed a rule to increase the interim spousal support and for contempt for nonpayment. On May 2, 2019, the trial court signed an order setting a hearing for all pending matters and terminating the income assignment order.

On May 29, 2019, Ms. Hanna filed a rule for final periodic spousal support. The hearing on that issue was set for August 27, 2019.[1]

A hearing was held on May 30, 2019, regarding the issues of contempt and interim spousal support. After hearing the parties' arguments,

---

[1]The record does not contain any further information or ruling regarding the final periodic spousal support, but this issue is not before us on appeal.

the trial court stated that the legislative amendment, which changed the interim support termination date from the date of divorce to six months post-divorce, is "a huge change." The trial court found the revisions to La. C.C. art. 113 to be substantive and granted the rule to terminate interim support. Mr. Hanna was held to be in contempt for nonpayment, but purged himself of the contempt by making spousal support payments after the divorce. Mr. Hanna was assessed with attorney fees in the amount of $750 and costs of the proceedings attributable to the motion for contempt.

Ms. Hanna is appealing the trial court's ruling that the amendment to La. C.C. art. 113 is substantive and therefore not retroactive. Mr. Hanna is appealing the trial court's ruling holding him in contempt for nonpayment of support.

## DISCUSSION

### *La. C.C. Art. 113 Amendments*

Ms. Hanna argues the trial court erred in terminating her award of interim periodic spousal support upon the judgment of divorce instead of allowing it to continue for 180 days after the divorce, as provided for in the amendment to La. C.C. art. 113 ("Article 113"). She points out that the difference between the two versions of Article 113 is the manner in which the termination of spousal support is affected. The current version makes it mandatory that the interim support continue for 180 days after divorce, while the previous version required a pending claim for final spousal support in order for the interim support to continue after the divorce.

Ms. Hanna argues that the revision to Article 113 provides no legislative intent as to the retroactivity of the article, but the article is

3

procedural in nature, which would have a retroactive effect. She states that the revisions to Article 113 do not create a new cause of action or change the underlying time period of 180 days after divorce for which a party could receive interim support. She argues the revision only modifies the manner in which the termination is effective, making it a procedural law. She requests this Court reverse the trial court's ruling, which would apply Article 113 retroactively, and allow her to collect interim spousal support for 180 days after the judgment of divorce.

Mr. Hanna argues the interim spousal support was intended by the parties to terminate when the divorce was final. He asserts that the termination date was not written into the spousal support agreement because at the time he signed the agreement, the law supplied that it would terminate upon divorce. He argues that the applicable version of Article 113 is the version enforceable at the time of the agreement and at the time judgment was entered awarding interim spousal support.

Mr. Hanna argues the change in Article 113 is not procedural, as asserted by Ms. Hanna. He states that the change is not simply a change in the manner in which the substantive right is exercised. He points out that the change removes the requirement that there be a pending claim for final spousal support. He argues that the existence of the pending claim for final spousal support is not a procedural requirement, but a completely different cause of action.

The former version of Article 113, effective August 1, 2014 to July 31, 2018, stated:

> A. Upon motion of a party or when a demand for final spousal support is pending, the court may award a party an interim

4

spousal support allowance based on the needs of that party, the ability of the other party to pay, any interim allowance or final child support obligation, and the standard of living of the parties during the marriage, which award of interim spousal support allowance shall terminate upon the rendition of a judgment of divorce.

B. If a claim for final spousal support is pending at the time of the rendition of the judgment of divorce, the interim spousal support award shall thereafter terminate upon rendition of a judgment awarding or denying final spousal support or one hundred eighty days from the rendition of judgment of divorce, whichever occurs first. The obligation to pay interim spousal support may extend beyond one hundred eighty days from the rendition of judgment of divorce, but only for good cause shown.

C. Notwithstanding Paragraph B of this Article, if a claim for final spousal support is pending at the time of the rendition of a judgment of divorce pursuant to Article 103(4) or (5) and the final spousal support award does not exceed the interim spousal support award, the interim spousal support award shall thereafter terminate no less than one hundred eighty days from the rendition of judgment of divorce. The obligation to pay final spousal support shall not begin until after an interim spousal support award has terminated.

The current version of Article 113, effective August 1, 2018, states:

A. Upon motion of a party, the court may award a party interim spousal support based on the needs of that party, the ability of the other party to pay, any interim or final child support obligation, and the standard of living of the parties during the marriage. An award of interim spousal support shall terminate one hundred eighty days from the rendition of a judgment of divorce, except that the award may extend beyond one hundred eighty days but only for good cause shown.

B. An obligation to pay final periodic support shall not begin until an interim spousal support award has terminated.

The judgment, which awarded Mrs. Hanna interim periodic spousal support, was signed and filed on July 12, 2018.  The law in effect at the time of this judgment was the previous version of Article 113, which terminated support at the time of divorce unless a claim for final support was pending.

In the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretative laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary. La. C.C. art. 6. First, it must be ascertained whether the enactment expresses legislative intent regarding retrospective or prospective application. If such intent is expressed, the inquiry ends. If no such intent is expressed, the enactment must be classified as either substantive, procedural, or interpretive. *Perfect Equip. Corp. v. Louisiana Recycling, Inc*., 26,986 (La. App. 2 Cir. 5/10/95), 655 So. 2d 698, *writs denied*, 95-1465 (La. 10/27/95), 661 So. 2d 1354, and 95-1479 (La. 10/27/95), 661 So. 2d 1354.

It is well accepted that substantive laws either establish new rules, rights, and duties or change existing ones; interpretive laws merely establish the meaning the statute had from the time of its enactment; and, procedural laws prescribe a method for enforcing a previously existing substantive right and relate to the form of the proceeding or the operation of the laws. *Keith v. U.S. Fid. & Guar. Co.*, 96-2075 (La. 5/9/97), 694 So. 2d 180. However, even a substantive law may not be applied retroactively if so doing would impair contractual obligations or disturb vested rights. *Yates v. Marston*, 48,009 (La. App. 2 Cir. 5/22/13), 121 So. 3d 673.

In the situation before us, the Legislature did not specifically state whether the amendment would have prospective or retroactive application. The Legislature states in Comment (b) of 2018 revision that the law is not changing in regard to domestic violence victims. Arguably, this indicates the amendment did change the law in other regards, such as the termination of interim spousal support. Additionally, in Comment (a), the Legislature

6

states, "The 2018 revision modifies the duration of interim spousal support awards to tie them solely to the judgment of divorce rather than to the date on which a demand for final periodic support is made."

This amendment to the termination of interim spousal support changed an existing rule. The previous rule stated that interim support would end upon rendition of divorce; if there was a pending claim for final spousal support at the time of the judgment of divorce, the interim support would end upon rendition of a judgment awarding or denying final spousal support or 180 from the rendition of judgment of divorce, whichever occurred first. The new rule states that an award of interim spousal support shall terminate 180 days from the rendition of a judgment of divorce.

This is not a procedural change in that it does not simply prescribe a method for enforcing interim support. The right to receive interim support has been automatically extended to terminate 180 days after the judgment of divorce. This "modification of duration" is a change to the interim spousal support rule. A modification or change to a rule is a substantive change. We agree with the trial court that this change in the law is substantive and therefore not retroactive to the judgment awarding interim support.

Although a claim for final spousal support was eventually filed by the time of the hearing, the claim was not pending at the time of divorce. A party must specifically plead for final support; a general prayer for relief is inadequate. *Johnson v. Johnson*, 2018-1001 (La. App. 3 Cir. 5/8/19), 272 So. 3d 49. Ms. Hanna reserved her right to claim final spousal support. However, she had not specifically claimed final spousal support at the time the divorce was finalized. Therefore, there was no pending claim for final

7

spousal support in order to extend her interim support for 180 days, as provided for in the previous version of Article 113. The trial court was correct in terminating Ms. Hanna's interim spousal support. The trial court's judgment terminating the interim spousal support is affirmed.

*Contempt*

In answering Ms. Hanna's appeal, Mr. Hanna states he is aggrieved by the trial court's finding that he was in contempt for late payment of spousal support without any evidence in the record that he had "intentionally, knowingly and purposefully, or without justifiable excuse" violated the court's order. He stated in his memorandum in support of the rule to terminate spousal support that the reason his payments were late was because Ms. Hanna's counsel moved to have the payments made by wage assignment order. He stated that there is a maximum amount his employer could withhold from his checks, and he had a previous child support award which took precedence. He also stated that there was a period of time that he was on medical leave and there was no paycheck from which to withhold the spousal support.

Mr. Hanna points out that by the date of the hearing, he had completely made up the shortage in payments. He requests this Court reverse the trial court's finding of contempt, reverse the award of attorney fees and costs, and order Ms. Hanna to pay the costs in both the trial court and this Court.

A proceeding for contempt in refusing to obey the court's orders is not designed for the benefit of the litigant, though infliction of a punishment may inure to the benefit of the mover in the rule. The object of the

8

proceeding is to vindicate the dignity of the court. *Rockett v. Rockett*, 51,453 (La. App. 2 Cir. 6/21/17), 223 So. 3d 1227. Willful disobedience of any lawful judgment, order, mandate, writ, or process of the court constitutes constructive contempt of court. La. C.C.P. art. 224. To find a person guilty of constructive contempt, it is necessary to find the contemnor violated the order of court intentionally, knowingly, and purposely, without justifiable excuse. *Rockett, supra.*

Although, as a general rule, failure to pay support resulting from the obligor's financial inability to pay cannot support a contempt charge, this issue is primarily factual, and a trial judge's finding thereon should not be disturbed absent a finding of manifest error. *Id.; Fontana v. Fontana*, 426 So. 2d 351 (La. App. 2 Cir. 1983), *writ denied*, 433 So. 2d 150 (La. 1983).

The party seeking contempt must show that the alleged offender willfully disobeyed an order of the court prior to the contempt rule. *Fleming v. Armant*, 12-43 (La. App. 5 Cir. 5/31/12), 97 So. 3d 1071; *Chauvin v. Chauvin*, 46,365 (La. App. 2 Cir. 6/22/11), 69 So.3d 1192. A person charged with committing a constructive contempt of court may be found guilty thereof and punished therefor only after the trial by the judge of a rule against him to show cause why he should not be adjudged guilty of contempt and punished accordingly. La. C.C.P. art. 225(A). If the person charged with contempt is found guilty, the court shall render an order reciting the facts constituting the contempt, adjudging the person charged with contempt guilty thereof, and specifying the punishment imposed. La. C.C.P. art. 225(B).

In the case before us, Ms. Hanna filed the rule for contempt against Mr. Hanna and it was her burden to prove that he willfully disobeyed the order to pay interim spousal support. However, the record before us is lacking evidence that Mr. Hanna *willfully* disobeyed the order.

Contempt for nonpayment and the issues regarding termination of interim spousal support were stated to be the issues before the court at the hearing. Counsel for each party submitted written arguments to the court and Ms. Hanna included a spreadsheet to illustrate how much she was paid each month. The entire record was submitted as evidence at the hearing. Counsel for both sides argued their positions regarding the retroactivity of Article 113. Neither party made an argument regarding contempt. There was no testimony or additional evidence submitted at the contempt hearing. The only discussion of contempt at the hearing is as follows:

> THE COURT:     And I think on the contempt is it accurate that Mr. Hanna has – has paid? I know he - - I know he hadn't at the time it was filed, I understand that, but is it accurate that he's now paid all sums owed?
>
> MR. HUCKABY:  Your Honor, if you give him credit for the amounts that were garnished from his wages - -
>
> THE COURT:     Right.
>
> MR. HUCKABY:  - - after the termination date, yes, he would have paid.
>
> THE COURT:     Okay. All right. Well, I'm going to find him technically in – in contempt, order that he pay the portion of the - - of cost attributable to the - - to the contempt rule only in this proceeding and order that Mr. Hanna pay $750 to Mr. Huckaby which would be proportionate share of a - - of a fee for the contempt rule only.

The written arguments by counsel are not evidence and the trial court did not state, either orally or written, its reasons for finding that Mr. Hanna

10

was in contempt for willfully disobeying the order. We do not find that the record before us contains evidence that Mr. Hanna *willfully* disobeyed the court's order. A finding of willful disobedience absent proof is clearly erroneous. *Feming, supra.* For this reason, we respectfully reverse the trial court's finding of contempt and the ruling ordering Mr. Hanna to pay court costs and attorney fees in connection to the contempt proceedings.

## CONCLUSION

The trial court's termination of interim spousal support at the time of rendition of divorce is affirmed. The trial court's finding of Mr. Hanna in contempt is respectfully reversed. Costs associated with this appeal are divided equally between the parties.

**AFFIRMED IN PART; REVERSED IN PART.**