SUSAN M. CHEHARDY, Chief Judge.
| ¿This is the parties’ second appeal.[1] Here, A.A.[2] challenges the trial court’s ruling granting L.R.F.’s petition to revoke his acknowledgement of paternity of L.R.F., Jr. For the following reasons, we affirm.

Facts and Procedural History

On December 21, 2008, L.R.F., Jr. was born. Shortly after the child’s birth, L.R.F. executed an authentic act acknowledging paternity of L.R.F., Jr.
On March 8, 2010, L.R.F. filed a Petition to Disavow Paternity of the minor child, which he later amended to reflect that he sought to revoke his acknowledgement of paternity under La. R.S. 9:406(B). On February 24, 2011, the child’s mother, A.A., filed a Motion for Scientific Paternity Testing. On October' 12, 2011, the trial *718 judge heard and granted, inter alia, L.R.F.’s Petition to Revoke Acknowledgement of Paternity.[3] A.A. appealed that ruling. On May 31, 2012, this Court, finding the record devoid of evidence required to establish paternity or |slack thereof, vacated the trial court judgment and remanded for further proceedings.[4]
On November 28, 2012, L.R.F. moved for DNA testing at a facility that can provide admissible test results, which was granted. The trial court ordered A.A. to produce herself and the minor child for DNA testing on or before January 7, 2013. On February 11, 2013, the Paternity Report was filed in the record.
On February 25, 2013, A.A. filed a motion challenging the admissibility of the report on the basis that the record lacked documentation regarding chain of custody of the samples and an affidavit from the examiner, which was required by La. R.S. 9:397.2 et seq. On March 13, 2013, the trial judge heard and granted A.A.’s motion, ordering L.R.F. to provide the necessary affidavits.
On March 27, 2013, an “Affidavit of Relationship Testing Results” was filed by Vince Miller, Ph.D., Chief Technical Officer and Custodian of Records for Chromosomal Labs • Bode Technology in Phoenix, Arizona. In his affidavit, Dr. Miller attests that he is the Laboratory Director for Relationship Testing and his laboratory holds an accreditation to perform biological screening. Attached to Dr. Miller’s affidavit is the “Chain of Custody” for the samples provided by A.A., L.R.F., and the minor child. The Chain of Custody form was signed by A.A. on January 4, 2013 and L.R.F. on January 23, 2013, when the biological samples were collected. Further, the Chain of Custody was signed by the sample collector, Anthony Jones, when he collected the samples and when he shipped the kit to the lab for testing.
On April 11, 2013, an Affidavit from Anthony Jones was filed into the record. In it, Jones attests that, pursuant to his employment with Innovative Risk Management Services, he obtained photographic identification from A.A. then | collected “tissue samples” from A.A. and the minor child on January 4, 2013. He further attests that, on January 23, 2013, he obtained photographic identification from L.R.F. then collected a “tissue sample.” Finally, he forwarded all three tissue samples to Chromosomal Labs in Phoenix, Arizona for DNA testing.
On April 16, 2013, A.A. filed an Affidavit from K.H.A., who attests that his “complete review of the Court Record” reflects that the record is “devoid of any written scientific DNA Blood or Tissue Testing results evidence excluding, by a ninety-nine and nine-tenths percentage point threshold, the Plaintiff ... as the biological father of the minor child....”[5]
On May 15, 2013, the trial court heard A.A.’s “Request for the Court to Correct Procedural Error” regarding failure to serve the DNA test results and accompanying affidavits on herself and the curator appointed to represent the minor child, as required by La. R.S. 9:406. The trial judge granted relief and ordered L.R.F. to properly serve the other parties with the necessary documentation.
On July 12, 2013, trial of L.R.F.’s Petition to Revoke Acknowledgment com *719 menced. At trial, without objection, L.R.F. introduced into evidence the Paternity Report with accompanying affidavits from the sample collector and the sample tester, which states that there is 0% probability that L.R.F. is the biological father of the minor child. The trial judge thereafter found that L.R.F. had sufficiently proven that he was not the biological father of the minor child and granted his petition to revoke his acknowledgment. The trial judge signed the judgment to that effect on August 5, 2013.

¡¡¡Law and Argument

On appeal, A.A., in proper person, lists six assignments of error: first, L.R.F. was not ordered by the trial court to submit to DNA testing and “the Record is totally void of any ..evidence showing [L.R.F.] actually took part in any DNA testing in this case;” second, Judge Miller “clearly tainted Plaintiffs ‘alleged Affidavit of Relationship Test Results;’ ” third, Anthony Jones’ Affidavit is invalid as it was not properly notarized; fourth, the record does not contain a written report of DNA testing performed by a laboratory in Las Cruces, New Mexico; fifth, L.R.F. has not met his burden of proof by providing the Court with clear and convincing credible proof as required by statute; and finally, sixth, appellant alleges that the domestic hearing officer, commissioner, trial judge, and two attorneys violated her civil rights, Louisiana law and the Code of Judicial Conduct.
In her first assignment of error, A.A. alleges that L.R.F. was not ordered by the trial court to submit to DNA testing and “the Record is totally void of any ... evidence showing [L.R.F.] actually took part in any DNA testing in this case.” We agree that L.R.F. was not ordered to submit to DNA testing, which was not necessary, considering L.R.F. obtained DNA testing to exclude him as the biological father of the minor child. We disagree, however, that the record is devoid of evidence that L.R.F. submitted himself to DNA testing. The DNA test results from Chromosomal Labs filed in the record clearly reference L.R.F. as the donor of one of the samples tested by the laboratory. This argument is without merit.
In her second assignment of error, A.A. alleges that Judge Miller “clearly tainted Plaintiffs ‘alleged Affidavit of Relationship Test Results.’ ” Here, A.A. merely restates her allegation that the trial judge “tainted” the test results by instructing the attorneys regarding the form of affidavit necessary from the testing | ¿facility, without briefing in support thereof. “The court may consider as abandoned any specification or assignment of error which has not been briefed.”[6] Further, “[restating an assigned error in brief without argument or citation of authority does not constitute briefing.”[7] For this reason, this assignment of error is preter-mitted.
In her third assignment of error, A.A. argues that Anthony Jones’ Affidavit is invalid as it was not properly notarized. Although it is true that “[a]ny document notarized in this state on or after January 1, 2005, submitted for filing or recording ... in the office of any clerk of court ... may be refused by the clerk ... if the document fails to contain the notary identification or attorney bar roll number and the typed, printed, or stamped name of the notary and the witnesses,” La. R.S. 35:12(D)(1) further states that “documents filed in the civil ... suit records of any *720 court shall not be subject to the provisions of this Subsection.” Thus, the Affidavit of Anthony Jones filed in this matter is not subject to the strict provisions of La. R.S. 35:12(D)(1).[8] This argument is without merit.
In her fourth assignment of error, A.A. asserts that the record does not contain a written report of DNA testing performed by a laboratory in Las Cruces, New Mexico. We agree. While the trial judge’s Reasons for Judgment do mention the New Mexico result, neither the transcript of the hearing nor the Judgment mention the purported result from the New Mexico facility. Appeals are taken from the judgment, not the reasons for judgment.[9] Courts of appeal are constrained to review judgments on appeal.[10] Accordingly, this assignment of error lacks merit.
|7In her fifth assignment of error, A.A. challenges the substance of the trial court’s ruling in this case by alleging that L.R.F. “has not met his burden of proof by providing the Court with clear and convincing credible proof as required by statute.” We disagree.
Louisiana’s law on revocation of an acknowledgment of paternity is found in La. R.S. 9:406, which reads in part:
A. (1) A person who executed an authentic act of acknowledgment may, without cause, revoke it within sixty days of the execution of the authentic act of acknowledgment [if certain specific criteria are met];
B. (1) If the notarial act of acknowledgment has not been revoked within sixty days in accordance with the provisions of Subsection A of this Section, a person who executed an authentic act of acknowledgment may petition the court to revoke such acknowledgment only upon proof, by clear and convincing evidence ... that the person is not the biological parent of the child.
(2) The mover shall institute the proceeding by ordinary process, within a two-year period commencing with the execution of the authentic act of acknowledgment of paternity, in a court of competent jurisdiction upon notice to the other party who executed the notarial act of acknowledgment and other necessary parties.... If the court finds based upon the evidence presented at the hearing that there is substantial likelihood that ... the person who executed the authentic act of acknowledgment is not the biological father, then, and only then, the court shall order genetic tests pursuant to R.S. 9:396. Nothing herein shall preclude the mover from presenting any other evidence as a substitute for the genetic tests if it is not possible to conduct such tests.
(3) The test results certified under oath by an authorized representative of an accredited laboratory shall be filed with the court and shall be admissible on the issue of paternity pursuant to R.S. 9:397.3.[11] If the test results show a sta *721 tistical probability of ninety-|nines point nine percent or greater, a rebuttable presumption of paternity shall be established. If the acknowledged father is found to be excluded by the tests, an action seeking support or an established order of support shall be dismissed and the acknowledgment of paternity shall be revoked.
[[Image here]]
(4) The burden of proof in this proceeding shall be upon the party seeking to revoke the authentic act of acknowledgment.
(Emphasis added).
In this case, L.R.F. sought to revoke his authentic act of acknowledgment of paternity. To bear his burden of proof, he submitted to DNA testing. The result of that DNA test, which was certified under oath by an authorized representative of an accredited laboratory pursuant to R.S. 9:397.3, was admitted at trial and showed that there was 0% probability that L.R.F. was the minor child’s biological father. The trial judge found that L.R.F. had presented clear and convincing evidence that he was not the biological parent of the child sufficient to bear his burden of proof. We find no error in that ruling. This assignment of error lacks merit.
In her final assignment of error, appellant alleges that the domestic hearing officer, commissioner, trial judge, and two attorneys violated her civil rights, Louisiana law and the Code of Judicial Conduct. First, A.A. admits that many of the alleged incidents of “misconduct” by these individuals occurred before this matter came before this Court on the first appeal. To the extent that those claims have not been waived for failing to raise them during her first appeal of this matter, we conclude that issues not [^raised in the trial court will not be given consideration for the first time on appeal. See, U.R.C.A. Rule 1-3; Quality Paint Hardware & Marine Supply Inc. v. Crescent Coating & Sens., Inc., *722 13-129 (La.App. 5 Cir. 8/27/13), 123 So.3d 780, 785.
Further, with respect to her allegations regarding the trial judge and plaintiffs attorney that occurred during the proceedings that are the subject of this appeal, we will not address these allegations for several reasons. First, the record does not support the allegations. Second, for an issue to be preserved for review, a party must make a timely objection and state the specific ground for the objection. La. C.E. art. 103 A(l); La. C.C.P. art. 1635. Failure to contemporaneously object constitutes a waiver of the right to complain on appeal. Nunnery v. City of Kenner, 08-1298 (La.App. 5 Cir. 5/12/09), 17 So.3d 411, 415. Furthermore, the reasons for the objection must be brought to the attention of the trial court to allow it the opportunity to make the proper ruling and prevent or cure any error. See Jeansonne v. Bosworih, 601 So.2d 739 (La.App. 1st Cir.1992), writ not considered, 614 So.2d 75 (La.1993). Accordingly, this assignment of error is pre-termitted.

Conclusion

For the foregoing reasons, we affirm the trial court’s ruling allowing L.R.F. to revoke his acknowledgment of paternity. Costs of this appeal are assessed against A.A.

AFFIRMED.

. The parties first appeal can be found at Fleming v. Armant, 12-43 (La.App. 5 Cir. 5/31/12), 97 So.3d 1071.

. To protect the identity of the minor child, we will use the initials to refer to the parties. U.R.C.A. 5-1, 5-2; J.P. v. C.E., 12-20 (La.App. 3 Cir. 5/2/12), 94 So.3d 107, 109.

. 97 So.3d at 1072-73.

. 97 So.3d at 1074-75.

.K.H.A. also attests that the record is devoid of any Notice from the Clerk of Court for Twenty-Fourth Judicial District Court that any such results were filed in the court record.

. U.R.C.A. Rule 2-12.4.

. State v. Caffrey, 08-717 (La.App. 5 Cir. 5/12/09), 15 So.3d 198, 203, writ denied, 09-1305 (La.2/5/10), 27 So.3d 297.

. See, Mitten v. State Dep’t of Pub. Safety & Corr., 07-0845 (La.App. 1 Cir. 12/21/07), 978 So.2d 957, 964.

. See La. C.C.P. arts. 1917, 1918, 2082 and 2083; Greater New Orleans Expressway Commission v. Olivier, 02-2795 (La. 11/18/03), 860 So.2d 22, 24.

. U.R.C.A. Rule 1-3.

.La. R.S. 9:397.3(A)(1) A written report of the results of the initial testing, certified by a sworn affidavit by the expert who supervised the tests, shall be filed in the suit record. The affidavit shall state in substance:
(a) That the affiant is qualified as an examiner of blood or tissue samples for inherited characteristics, including but not limited to blood and tissue types, to administer the test and shall give the affiant's name, ad *721 dress, telephone number, qualifications, education, and experience.
(b) How the tested individuals were identified when the samples were obtained.
(c) Who obtained the samples and how, when, and where the samples were obtained.
(d) The chain of custody of the samples from the time obtained until the tests were completed.
(e) The results of the test and the probability of paternity as calculated by an expert based on the test results.
(f) The procedures performed to obtain the test results.
(2) A notice that the report has been filed shall be mailed by certified mail to all parties by the clerk of court or shall be served in accordance with Code of Civil Procedure Article 1314.
(3) A party may challenge the testing procedure within thirty days of the date of receipt or service of the notice.
[[Image here]]
B. (2)(a) If there is no timely challenge to the testing procedure or if the court finds there has been no procedural error in the testing procedure, the certified report shall be admitted in evidence at trial as prima facie proof of its contents, provided that the party against whom the report is sought to be used may summon and examine those making the original of the report as witnesses under cross-examination. The summons for the individual making the original of the report may be served through his employer’s agent for service of process listed with the secretary of state or served pursuant to R.S. 13:3201 et seq.
[[Image here]]
D. If the court finds that the conclusions of all the experts as disclosed by the reports, based upon the tests, are that the alleged father is not the father of the child, the question of paternity shall be resolved accordingly. If the experts disagree in their findings or conclusions, the question shall be submitted upon all the evidence.