ROBERT E. RUEL, III, JANINE RUEL
JUNEAU, KRISTEN RUEL TRICHE, AND
JAMES S. RUEL, INDIVIDUALLY AND
IN HIS CAPACITY AS TRUSTEE OF THE
SALLY H.P. RUEL INTER VIVOS
REVOCABLE TRUST

VERSUS

SALLY PULVER DALESANDRO

NO. 18-CA-243

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 727-836, DIVISION "K"
HONORABLE ELLEN SHIRER KOVACH, JUDGE PRESIDING

July 09, 2019

**HANS J. LILJEBERG**
**JUDGE**

Panel composed of Judges Jude G. Gravois,
Stephen J. Windhorst, and Hans J. Liljeberg

**AFFIRMED**
    **HJL**
    **JGG**
    **SJW**

COUNSEL FOR PLAINTIFF/APPELLEE,
ROBERT E. RUEL, III, JANINE RUEL JUNEAU, AND KRISTEN RUEL
TRICHE
> David P. Salley
> Stephannie McKinney
> Sharon I. Corona
> Davidson S. Ehle, III

COUNSEL FOR DEFENDANT/APPELLANT,
SALLY RUEL DALESANDRO
> Richard D. Mere

COUNSEL FOR DEFENDANT/APPELLEE,
JAMES SCOTT RUEL
> E. Phelps Gay
> P. Ryan Plummer

**LILJEBERG, J.**

Defendant/appellant, Sally Pulver Dalesandro, seeks review of two judgments entered by the trial court on October 30, 2017 and November 3, 2017, which granted in part and denied in part motions for partial summary judgment filed by plaintiffs/appellees, Robert E. Ruel, III, Janine Ruel Juneau, Kristen Ruel Triche and James S. Ruel (hereinafter collectively referred to as "plaintiffs"). Ms. Dalesandro seeks review of the portions of those judgments which dismissed her claims for damages and attorney's fees alleged against plaintiffs in her reconventional demand filed on October 11, 2016. For reasons stated more fully below, we affirm the trial court's judgments.

**FACTUAL AND PROCEDURAL BACKGROUND**

The facts at issue in this matter are discussed extensively in the companion opinion issued by this Court in *Robert E. Ruel, et. al. v. Sally Pulver Dalesandro*, Case No. 18-CA-224 (La. App. 5 Cir. 7/9/19). In the companion opinion, this Court reversed the trial court's judgment granting Ms. Dalesandro's motion for judgment notwithstanding the verdict, reinstated the verdicts entered in favor of plaintiffs by the jury and remanded the matter to the trial court. In the present matter, Ms. Dalesandro filed a separate appeal seeking review of two judgments entered earlier in the proceedings, which granted motions for partial summary judgment in favor of plaintiffs and dismissed most of the claims alleged in her reconventional demand for damages and attorney's fees filed against plaintiffs.

This matter involves a dispute between plaintiffs and Ms. Dalesandro arising from a revocable trust – the Sally H.P. Ruel Inter Vivos Revocable Trust – established on February 25, 1994 (the "Trust"). At the time of the creation of the Trust, Ms. Dalesandro was recently married to Dr. Robert E. Ruel, Jr. Plaintiffs are Dr. Ruel's children from a prior marriage. Ms. Dalesandro was the settlor who created the Trust. The Trust named plaintiffs as the principal beneficiaries and

their father, Dr. Ruel, as the income beneficiary. Plaintiff, Robert E. Ruel, III, was initially designated as the trustee. In 2002, James Scott Ruel ("Scott Ruel") was substituted as trustee.

Dr. Ruel died on October 10, 2011. Shortly after his death, Bruce Miller, the attorney who drafted the Trust and who was appointed therein to represent the trustee, contacted Scott Ruel about executing documents to revoke the Trust and transfer title to the immovable property held by the Trust to Ms. Dalesandro. Plaintiffs contend that on January 19, 2012, based on Mr. Miller's representations that Ms. Dalesandro still had the right to revoke the Trust, Ms. Dalesandro and Scott Ruel executed documents that revoked the Trust and transferred title to four pieces of immovable property to Ms. Dalesandro, including a condominium in Redstick Lofts in Baton Rouge, Louisiana, and property located at 450 Hesper Avenue in Metairie, Louisiana.

Ms. Dalesandro subsequently sold the condominium in Redstick Lofts to a third party, Mary Kilp Miles, and in May 2013, Ms. Dalesandro attempted to sell the property located on Hesper Avenue. However, an attorney researching the title for this property determined the sale could not proceed due to title issues created by the terms of the Trust – specifically that the Trust terminated at Dr. Ruel's death and that plaintiffs obtained the ownership rights in the property at that point. In response, Bruce Miller contacted plaintiffs and requested that they execute documents that would serve to quiet title to the property in favor of Ms. Dalesandro.

Plaintiffs allege that at that point, they realized that pursuant to Section 2.1 of the Trust cited below, the Trust terminated at the time of their father's death:

> Term. Except as provided in Section 1.3, this trust shall terminate as to each principal beneficiary upon the death of the Settlor's husband or when the beneficiary attains age 35, whichever last occurs.[1]

---
[1] Section 1.3 of the Trust provides as follows:

As noted above, Dr. Ruel died on October 10, 2011, and on that date all of the principal beneficiaries (plaintiffs) had attained the age of 35. As a result, plaintiffs took the position that the Trust terminated as to all principal beneficiaries on October 10, 2011. Plaintiffs refused to sign the documents requested by Mr. Miller to quiet title in favor of Ms. Dalesandro, and instead demanded that she return the unsold Trust property to them, as well as the funds she received from the prior sales of two of the Trust properties. Plaintiffs argued that the documents executed in January 2012 to revoke the Trust and to transfer the Trust property to Ms. Dalesandro were invalid because the Trust previously terminated by its own terms at the time of Dr. Ruel's death in October 2011, and at that time, ownership of the immovable property transferred to plaintiffs as they were all 35 or older at the time of their father's death.

Ms. Dalesandro refused plaintiffs' demands, and on June 11, 2013, plaintiffs filed a petition seeking a declaration that the Trust terminated on October 10, 2011, upon the death of their father. Plaintiffs also sought to set aside the authentic acts that revoked the Trust and transferred the property held by the Trust to Ms. Dalesandro, and sought to recover all sums she received from the sale of the immovable properties. Ms. Dalesandro filed a reconventional demand against plaintiffs seeking to reform the Trust or alternatively, to nullify the Trust. Ms. Dalesandro alleged that when she established the Trust in 1994, she intended for the Trust to terminate at her death and that the Trust failed to reflect her intent as the settlor of the Trust. Ms. Dalesandro alleged in her reconventional demand that

---

Revocability. At any time the Settlor may, by signed instrument delivered to the Trustee, revoke this trust, amend it in any manner, or withdraw any property from the trust. No amendment changing the powers or duties of the Trustee shall be effective unless approved in writing by the Trustee.

Section 2.1 of the Trust should be reformed to add language providing for the continuation of the Trust until her death.

Almost two and a half years later, on January 28, 2016, Mr. Miller executed a document entitled "Act of Correction" and recorded it in the conveyance records for Jefferson Parish. In this document, Mr. Miller stated that he committed a clerical error in 1994 when he drafted the Trust, by failing to include the highlighted term "the Settlor" immediately before the words "the Settlor's husband" in Section 2.1 of the Trust as follows:

> Term. Except as provided in Section 1.3, this trust shall terminate as to each principal beneficiary upon the death of ***the Settlor,*** the Settlor's husband or when the beneficiary attains age 35, whichever occurs last.

On October 11, 2016, Ms. Dalesandro filed a second reconventional demand against the plaintiffs, which is the subject of this appeal, alleging that as trustee, Scott Ruel warranted that he was conveying, and that Ms. Dalesandro was receiving, full ownership and peaceful possession of the properties previously held by the Trust. She alleged that her ownership and peaceful possession of these properties was "challenged and interfered with by the lawsuit brought" by plaintiffs, as well as by a cross-claim filed against her by Mary Kilp Miles with respect to the sale of the Redstick Loft condominium.

In the October 11, 2016 reconventional demand, Ms. Dalesandro alleged claims for breach of warranty and fiduciary duty, and also sought to recover attorney's fees incurred to defend against plaintiffs' and Ms. Miles' claims against her. Ms. Dalesandro specifically alleged that Scott Ruel owed her damages and attorney's fees because he breached warranties owed to her pursuant to La. C.C. arts. 2475 and 2500, and also breached the fiduciary duties he, as trustee, owed to her as the settlor of a revocable trust. Ms. Dalesandro also alleged that the other plaintiffs, Robert E. Ruel, III, Janine Ruel Juneau, and Kirsten Ruel Triche, were

solidarily liable to her for damages and attorney's fees because they "colluded, conspired and acted in concert" with Scott Ruel to disturb and undermine her ownership and peaceful possession of the Trust property transferred to her.

On September 22, 2017, Scott Ruel filed a motion for partial summary judgment seeking dismissal of the claims alleged against him by Ms. Dalesandro in the October 11, 2016 reconventional demand. Scott argued that the provisions of law alleged by Ms. Dalesandro in support of her breach of warranty claim applied only to transactions involving the sale of property. He further argued that pursuant to Louisiana law governing trusts, a trustee did not owe a fiduciary duty to a settlor. Finally, Scott argued that neither the Trust nor any applicable law permitted an award of attorney's fees to Ms. Dalesandro. On September 26, 2017, the other plaintiffs also filed a similar motion for partial summary judgment seeking the dismissal of all of Ms. Dalesandro's claims against them in the October 11, 2016 reconventional demand.

The trial court held a hearing on the motions for partial summary judgment on October 27, 2017. Following oral argument, the trial court granted Scott Ruel's motion in part and denied it in part. In a written judgment signed on October 30, 2017, the trial court dismissed all claims alleged in the October 11, 2016 reconventional demand against Scott Ruel, "except for [Ms. Dalesandro's] claim of breach of fiduciary duty and resulting damages, including attorney's fees, incurred as a result of the cross claim filed by Mary Kilp Miles against Sally Pulver Ruel Dalesandro." On November 3, 2017, the trial court also entered a judgment granting the other plaintiffs' motion for partial summary judgment and dismissed all of Ms. Dalesandro's claims alleged against them in the October 11, 2016 reconventional demand.

On November 3, 2017, the trial court also entered a consent judgment dismissing all of the claims Ms. Miles alleged against Ms. Dalesandro, without

prejudice. Shortly thereafter, Scott Ruel moved for and obtained a judgment dismissing the remaining claim alleged against him in the October 11, 2016 reconventional demand for breach of fiduciary duty arising from Ms. Miles' cross-claim against Ms. Dalesandro.

As explained more fully in the companion opinion, the parties agreed to set the matter for a jury trial to determine two issues – whether the Act of Correction discussed above corrected a clerical error and whether Ms. Dalesandro, as settlor, intended for the Trust to continue until her death. On December 4, 2017, the jury trial commenced. Following three days of testimony and the introduction of numerous exhibits into evidence, the trial court presented the jury with two questions:

1) Did Plaintiffs, Robert E. Ruel, III, Jasmine Ruel Juneau, Kristen Ruel Triche, and James Scott Ruel, prove by a preponderance of the evidence that the Act of Correction filed by Bruce Miller and adding the words "the Settlor" to Section 2.1 of the Sally H.P Ruel Inter Vivos Revocable Trust did not correct a clerical error?

2) Did Sally Ruel Dalesandro prove by clear and convincing evidence that her intent was for the Sally H.P. Ruel Inter Vivos Revocable Trust to continue for her lifetime unless she revoked it?

On December 7, 2017, the jury returned a verdict in favor of plaintiffs on both issues – answering "yes" to Question 1 and "no" to Question 2. Accordingly, the jury determined that plaintiffs proved by a preponderance of the evidence that the Act of Correction did not correct a clerical error and that Ms. Dalesandro did not prove by clear and convincing evidence that she intended for the Trust to continue for her lifetime unless she revoked it.

Plaintiffs moved the trial court to make the jury verdict the judgment of the court. Immediately thereafter, Ms. Dalesandro made an oral motion for a judgment notwithstanding the verdict ("JNOV"). On December 11, 2017, the trial court granted Ms. Dalesandro's oral motion for JNOV, overturned the jury's verdict on

both questions presented on the verdict form and entered judgment in favor of Ms. Dalesandro on both issues presented to the jury.

Both Ms. Dalesandro and plaintiffs filed timely motions for devolutive appeal, which were granted by the trial court. In the present matter which addresses Ms. Dalesandro's appeal, she seeks review of the two judgments entered earlier in the proceedings, which granted motions for partial summary judgment in favor of plaintiffs and dismissed most of the claims alleged in her October 11, 2016 reconventional demand for damages and attorney's fees filed against plaintiffs.

**DISCUSSION**

A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue of material fact. *Bell v. Parry*, 10-369 (La. App. 5 Cir. 11/23/10), 61 So.3d 1, 2. The summary judgment procedure is favored and is designed to secure the just, speedy, and inexpensive determination of every action. La. C.C.P. art. 966(A)(2). Under La. C.C.P. art. 966(D)(1), the initial burden is on the mover to show that no genuine issue of material fact exists. If the moving party will not bear the burden of proof at trial, the moving party must only point out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The nonmoving party must then produce factual support to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the nonmoving party fails to do so, there is no genuine issue of material fact, and summary judgment should be granted. *Babino v. Jefferson Transit*, 12-468 (La. App. 5 Cir. 2/21/13), 110 So.3d 1123, 1125.

Appellate courts review a judgment granting or denying a motion for summary judgment *de novo*. Thus, appellate courts ask the same questions the trial court does in determining whether summary judgment is appropriate: whether

there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. *Breaux v. Fresh Start Properties, L.L.C.*, 11-262 (La. App. 5 Cir. 11/29/11), 78 So.3d 849, 852.

On appeal, Ms. Dalesandro does not raise assignments of error in her appellate brief, but instead argues "several issues before the Court, on the Motions for Summary Judgment . . . ." The main issues she raises on appeal arise from her argument that the trial court erred by dismissing her claim for breach of fiduciary duty against Scott Ruel, and that the remaining plaintiffs are solidarily liable based on their alleged collaboration with or inducement of Scott Ruel to violate his fiduciary duty.[2]

Ms. Dalesandro also raises new issues/causes of action that were not previously presented to the trial court as part of the summary judgment motions at issue on appeal. Specifically, Ms. Dalesandro seeks to recover attorney's fees based on claims of alleged abuse of process, malicious prosecution and alleged violations of La. C.C.P. art. 863. She also argues that Scott Ruel was obligated to refrain from attacking her ownership and title to the properties transferred to her from the Trust under the theory of "estoppel by warranty." Generally, issues not raised with the trial court will not be given consideration for the first time on appeal. Uniform Rules – Courts of Appeal, Rule 1-3; *Quality Paint Hardware and Marine Supply, Inc.*, 13-129 (La. App. 5 Cir. 8/27/13), 123 So.3d 780, 785; *L.R.F. v. A.A.*, 13-797 (La. App. 5 Cir. 2/26/14), 133 So.3d 716, 721, *writ denied,* 14-655 (La. 4/17/14), 133 So.3d 716, *cert. denied*, --- U.S. ---, 135 S.Ct. 224, 190 L.Ed.2d (2014). Accordingly, we will not consider Ms. Dalesandro's new claims based on

---

[2] Ms. Dalesandro does not seek review of the dismissal of her claims for breach of warranty under La. C.C. arts. 2475 and 2500 in this appeal. Furthermore, Ms. Dalesandro also raises an issue as to whether as trustee, Scott Ruel, was a proper party defendant. Though it is unclear exactly what relief Ms. Dalesandro seeks by raising this issue with respect to her appeal, after reviewing the argument in her appellate brief, it appears that Ms. Dalesandro is simply stating that as the trustee and as an attorney, Scott Ruel owed a fiduciary duty to her as settlor and to the other plaintiffs as the principal beneficiaries.

estoppel by warranty or for attorney's fees based on alleged abuse of process, malicious prosecution, or pursuant to La. C.C.P. art 863.

Therefore, the remaining issues before this Court arise from Ms. Dalesandro's claim that the trial court improperly granted summary judgment and dismissed her claims against plaintiffs for Scott Ruel's alleged breach of the fiduciary duty he owed to her as trustee. Ms. Dalesandro argues that because the Trust at issue was a revocable trust, which she could revoke at any time pursuant to Section 1.3 of the Trust, Scott owed a fiduciary duty exclusively to her and not to the beneficiaries of the Trust. She notes that this is an issue of first impression in Louisiana. However, she argues that support for this position exists in Section 200, Comment (b) of the Restatement (Second) of Trusts, and in Section 603(a) of the Uniform Trust Code, as well as cases from other jurisdictions. Ms. Dalesandro further notes that pursuant to La. R.S. 9:2088(A) of the Louisiana Trust Code, when a "trust is revocable, the trustee has a duty to account to the settlor only."

In response, plaintiffs argues that the Louisiana Trust Code, La. R.S. 9:1721, *et. seq.*, does not provide for a fiduciary duty flowing for a trustee to a settlor. Plaintiffs further argue that if this Court reinstated the jury verdicts in the companion matter, Case No. 18-CA-224, then the Act of Correction is invalid and Ms. Dalesandro failed to prove by clear and convincing evidence that she intended for the Trust to continue for her lifetime. Therefore, plaintiffs contend that the Trust terminated pursuant to Section 2.1 when Dr. Ruel died on October 10, 2011, and Ms. Dalesandro's interests in the trust property ceased to exist at that time. Accordingly, Ms. Dalesandro could not bring a claim for breach of fiduciary duty against plaintiffs for any actions taken with respect to the Trust property after Dr. Ruel's death.

We agree with plaintiffs that we do not have to reach the substance of the issue of whether a trustee owes a fiduciary duty to a settlor under the Louisiana

Trust Code. The central issue in this litigation was whether the Trust terminated pursuant to its terms set forth in Section 2.1 when Dr. Ruel died on October 10, 2011, or whether the Trust could be corrected or reformed by adding language to Section 2.1 to provide for the continuation of the Trust during the lifetime of the settlor, Ms. Dalesandro. The jury determined that the Act of Correction did not correct a clerical error and that Ms. Dalesandro failed to prove by clear and convincing evidence that she intended for the Trust to continue during her lifetime. The trial court granted Ms. Dalesandro's motion for judgment notwithstanding the verdict and as explained above, this Court reversed that decision and reinstated the verdicts entered in favor of plaintiffs by the jury. *Robert E. Ruel, et. al. v. Sally Pulver Dalesandro*, Case No. 18-CA-224 (La. App. 5 Cir. 7/9/19).

Based on these reinstated findings by the jury, the Act of Correction is not valid and the Trust cannot be reformed to allow it to continue during Ms. Dalesandro's lifetime. Pursuant to its terms, the Trust terminated when Dr. Ruel died and Ms. Dalesandro's rights to the Trust property as settlor of the Trust also ceased to exist. *See* Edward E. Chase, Jr., 11 *Louisiana Civil Law Treatise, Trusts* (2nd Ed.), §7.6. Accordingly, Ms. Dalesandro's claims that Scott Ruel, as trustee, took actions after the termination of the Trust, which breached a fiduciary duty he owed to her, are also without merit.

## **DECREE**

Based on the foregoing, we affirm the trial court's judgments which granted plaintiffs' motions for partial summary judgment and dismissed Ms. Dalesandro's claims alleged against them in the October 11, 2016 reconventional demand.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

MARY E. LEGNON
INTERIM CLERK OF COURT

CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **JULY 9, 2019** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

_____
MARY E. LEGNON
INTERIM CLERK OF COURT

# 18-CA-243

### E-NOTIFIED

24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE ELLEN SHIRER KOVACH (DISTRICT JUDGE)
DAVID P. SALLEY (APPELLEE)          DAVID S. DALY (APPELLEE)          RICHARD D. MERE (APPELLANT)
P. RYAN PLUMMER (APPELLEE)          ELLIOT M. LONKER (APPELLEE)      DAVIDSON S. EHLE, III (APPELLEE)
STEPHANNIE MCKINNEY (APPELLEE)

### MAILED

ERIKA M. CUNNINGHAM (APPELLEE)
MARY E. SCHONEKAS (APPELLEE)
ATTORNEYS AT LAW
365 CANAL STREET
SUITE 1710
NEW ORLEANS, LA 70130

SHARON I. CORONA (APPELLEE)
ATTORNEY AT LAW
3801 NORTH CAUSEWAY BOULEVARD
SUITE 207
METAIRIE, LA 70002

E. PHELPS GAY (APPELLEE)
ATTORNEY AT LAW
601 POYDRAS STREET
SUITE 2300
NEW ORLEANS, LA 70130