DEPARTMENT OF CHILDREN AND FAMILY
SERVICES IN THE MATTER OF J. M.

NO. 20-CA-309

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE JEFFERSON PARISH JUVENILE COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 20-AP-01, DIVISION "C"
HONORABLE BARRON C. BURMASTER, JUDGE PRESIDING

March 31, 2021

**ROBERT A. CHAISSON**
**JUDGE**

Panel composed of Judges Robert A. Chaisson,
Stephen J. Windhorst, and John J. Molaison, Jr.

**<u>AFFIRMED</u>**
   **RAC**
   **SJW**
   **JJM**

COUNSEL FOR PARENT/APPELLEE,
J. M.
Sherry A. Watters
Marta A. Schnabel

COUNSEL FOR DEFENDANT/APPELLANT,
STATE OF LOUISIANA, DEPARTMENT OF CHILDREN AND FAMILY
SERVICES
Gabrielle A. Wilson

**CHAISSON, J.**

The State of Louisiana through the Department of Children and Family

Services (DCFS) appeals the judgment of the Jefferson Parish Juvenile Court that

reversed a decision of the Division of Administrative Law (DAL).  The DAL

decision affirmed DCFS' valid findings of sexual enticement and sexual

intercourse allegedly committed by J.M.[1]  For the reasons that follow, we agree

with the juvenile court's assessment.  Accordingly, we affirm the juvenile court

judgment that reversed the valid findings against J.M. of sexual enticement and

sexual intercourse, and we order that DCFS' records and the State Central Registry

be corrected in accordance with the juvenile court's directive in its June 23, 2020

written judgment.

**FACTS AND PROCEDURAL HISTORY**

Pursuant to a child in need of care proceeding, J.B. was removed from the

custody of his mother, P.B., put into the custody of DCFS, and placed in the

certified foster home of J.M. and R.M.  J.B. resided with these foster parents from

September of 2016 until February of 2018, at which time he was placed with a

paternal aunt in Texas.  Subsequent to the change in placement, J.M. and his

family had court-ordered visitation with J.B.

On March 18, 2019, the Texas Department of Family and Protective

Services received a report of sexual abuse allegedly committed by J.M. against J.B.

during a visit that occurred on the weekend of March 15-17, 2019, at a Texas hotel.

The allegations regarding the suspected incident in Texas were reported to

Louisiana DCFS, and following its investigation, DCFS reached a conclusion of

"valid finding" for the allegations of sexual enticement and sexual intercourse.  On

---

[1] To protect the identity of the minor child involved, the parties will be referred to using initials.
U.R.C.A. 5-1, 5-2; *L.R.F. v. A.A.*, 13-797 (La. App. 5 Cir. 2/26/14), 133 So.3d 716, 717 n.2, *writ denied*,
14-655 (La. 4/17/14), 138 So.3d 633, *cert. denied*, 574 U.S. 871, 135 S.Ct. 224, 190 L.Ed.2d 134 (2014).

April 30, 2019, DCFS sent J.M. a notice of the valid findings along with a notification that he had the right to appeal these findings through the DAL.

On October 28, 2019, despite J.M.'s request for a stay pending the outcome of the criminal proceedings in Texas, the DAL conducted a hearing on the matter. Thereafter, on December 3, 2019, the DAL judge issued a written decision that affirmed DCFS' valid findings of sexual enticement and sexual intercourse, noting that the findings are supported by a preponderance of the evidence. J.M. filed a petition for rehearing, which was denied. He then filed a petition for review of the administrative decision in the Jefferson Parish Juvenile Court pursuant to La. R.S. 49:964 and Louisiana Administrative Code Title 67, Part V, § 1111.

At the June 16, 2020 hearing, the parties submitted the matter on briefs, and after considering the administrative tribunal record, the briefs of the attorneys, and the applicable law, the juvenile court reversed the decision of the administrative tribunal and overturned DCFS' valid findings against J.M. of sexual enticement and sexual intercourse. In its June 23, 2020 written judgment, the court stated, in pertinent part, as follows:

> IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the administrative tribunal erred in improperly admitting evidence into the record that included double and triple hearsay, in particular a CAC video that was not in compliance with the standards set by the Children's Code and then erred in basing its decision on said evidence; that the administrative denial of a continuance or stay was improper where no harm nor prejudice was articulated by DCFS; and that, pursuant to La. R.S. 49:964(G)(5), the rights of the appellant have been substantially prejudiced by these errors of law evidencing that the findings, conclusions, and decisions of the administrative tribunal were arbitrary or capricious and characterized by abuse of discretion, with the result that said findings, conclusions and decisions of the administrative tribunal be and that they are therefore REVERSED.

DCFS now appeals this judgment, setting forth two assignments of error. DCFS first contends that the juvenile court erred in excluding the CAC forensic interview and supporting testimony of DCFS workers as hearsay, asserting that

hearsay evidence was admissible pursuant to La. R.S. 49:956(2). Second, DCFS

contends that the juvenile court erred in its determination that the administrative

tribunal's refusal to stay the administrative proceeding pending the outcome of the

criminal proceeding in Texas was "arbitrary and capricious" within the meaning of

La. R.S. 49:964(G).

## DISCUSSION

The Louisiana Administrative Procedure Act provides for judicial review of

an administrative decision in La. R.S. 49:964, which reads, in part, as follows:

> G. The court may affirm the decision of the agency or remand the case
> for further proceedings. The court may reverse or modify the decision
> if substantial rights of the appellant have been prejudiced because the
> administrative findings, inferences, conclusions, or decisions are:
>
>> (1) In violation of constitutional or statutory provisions;
>> (2) In excess of the statutory authority of the agency;
>> (3) Made upon unlawful procedure;
>> (4) Affected by other error of law;
>> (5) Arbitrary or capricious or characterized by abuse of
>> discretion or clearly unwarranted exercise of discretion; or
>> (6) Not supported and sustainable by a preponderance of
>> evidence as determined by the reviewing court. In the
>> application of this rule, the court shall make its own
>> determination and conclusions of fact by a preponderance
>> of evidence based upon its own evaluation of the record
>> reviewed in its entirety upon judicial review. In the
>> application of the rule, where the agency has the
>> opportunity to judge the credibility of witnesses by first-
>> hand observation of demeanor on the witness stand and
>> the reviewing court does not, due regard shall be given to
>> the agency's determination of credibility issues.

Any one of the six bases listed in the statute is sufficient to modify or

reverse an agency determination. *Mid-City Automotive, LLC v. Louisiana

Department of Public Safety,* 19-1219 (La. App. 1 Cir. 5/11/20), 304 So.3d 457,

461. When reviewing an administrative final decision, the district court functions

as an appellate court. Once a final judgment is rendered by the district court, an

aggrieved party may seek review by appeal to the appropriate appellate court. La.

R.S. 49:965. *Id.* On review of the district court's judgment, no deference is owed

by the court of appeal to the factual findings or legal conclusions of the district court reviewing the agency decision. *Kelley Blue Book Co., Inc. v. Louisiana Motor Vehicle Commission*, 16-281 (La. App. 5 Cir. 12/7/16), 204 So.3d 1139, 1145, *writ denied*, 17-32 (La. 2/10/17), 216 So.3d 49. Thus, an appellate court sitting in review of an administrative agency reviews the findings and decision of the administrative agency and not the decision of the district court. *Our Lady of Lake Roman Catholic Church, Mandeville v. City of Mandeville, Planning and Zoning Commission*, 13-837 (La. App. 1 Cir. 2/3/14), 147 So.3d 186, 189. Consequently, this court will conduct its own independent review of the record in accordance with the standards provided in La. R.S. 49:964(G). *Elio Motors, Inc. v. Louisiana Motor Vehicle Commission*, 18-545 (La. App. 5 Cir. 3/27/19), 268 So.3d 1132, 1148, *writ denied*, 19-656 (La. 6/17/19), 274 So.3d 572.

Having conducted our own independent review of the record in this case, including the transcript from the administrative review hearing, as well as the applicable law and jurisprudence, we affirm the judgment of the juvenile court that reversed the administrative law judge's and DCFS' valid findings against J.M. of sexual enticement and sexual intercourse. In particular, we agree with the juvenile court's assessment that the substantial rights of J.M. have been prejudiced by the administrative tribunal's admission into evidence of J.B.'s forensic interview that was not in compliance with the standards set by the Children's Code and by its denial of a continuance or stay pending the outcome of the criminal proceedings in Texas.

With regard to J.B.'s forensic interview, DCFS maintains that the administrative tribunal properly admitted and considered it in making its decision to affirm DCFS' valid findings and that the juvenile court subsequently erred in excluding the CAC forensic interview and supporting testimony of DCFS workers

as hearsay, noting that hearsay evidence is admissible pursuant to La. R.S. 49:956(2).

At the beginning of the October 28, 2019 hearing before the administrative tribunal, counsel for J.M objected to the introduction of J.B.'s March 29, 2019, forensic interview in Texas because none of the requirements for its admission under the Children's Code had been satisfied. J.M.'s attorney specifically noted that J.B.'s competency had not been proven, that the interviewer must testify, that the child must be available to be cross-examined, and that the credentials of the interviewer must be received by the court. In response, DCFS argued that the standards set forth in the Children's Code are for criminal court proceedings and not applicable to these administrative proceedings, where there are relaxed evidentiary standards.

After listening to arguments of counsel, the administrative law judge allowed the introduction of J.B.'s forensic interview based on her determination that the requirements for admissibility of a forensic video under La. Ch.C. arts. 322 through 327 are only applicable to criminal proceedings and not to the instant matter, which is civil in nature. On review, the juvenile court found that "the administrative tribunal erred in improperly admitting evidence into the record that included double and triple hearsay, in particular a CAC video that was not in compliance with the standards set by the Children's Code and then erred in basing its decision on said evidence."

On appeal, DCFS contends that the juvenile court erred by excluding this evidence based on the evidentiary standard set forth in La. Ch.C. arts. 326 and 327, rather than La. R.S. 49:956(2), which DCFS contends is applicable to the instant matter and properly used by the administrative law judge in her admission of the

CAC forensic interview.[2]  In its appellate brief, DCFS points out that the CAC

forensic interview in question was part of the DCFS record and was incorporated

by reference, that it was discussed by credible witnesses and met the criteria noted

by the trial court in the ruling, and that the jurisprudence supports the DAL's

position with regard to the interpretation and inclusion of this evidence.

We first note that we agree with the juvenile court's assessment that the

requirements of the Children's Code relating to the admissibility of the forensic

interview are applicable to these proceedings.  Specifically, we agree with the

following reasoning offered by the juvenile court in its reasons for judgment:

> La. Ch.C. Art. 324(A) authorizes a court exercising juvenile
> jurisdiction to require that a statement of a protected person be
> recorded on videotape in conformity with Article 326.  Article 324(C)
> provides that such a videotape shall be available for introduction into
> evidence "in any juvenile proceeding under this Code in which it is
> relevant."  The right of an individual who is subject to a determination
> of abuse or neglect of a child to appeal that determination is
> established by La. Ch.C. Art. 616.1.1, and therefore the administrative
> appeal proceeding is a "judicial proceeding under this Code" within
> the meaning of Article 324(C).  Accordingly, a videotape produced
> under Article 324 must conform with Article 326 in order to "be
> available for introduction into evidence," and with Article 327 to be
> admissible.

---

[2] La. R.S. 49:956 sets forth the rules of evidence in adjudication proceedings and reads, in part, as
follows:

> 2) All evidence, including records and documents in the possession of the agency of which it
> desires to avail itself, shall be offered and made a part of the record, and all such documentary
> evidence may be received in the form of copies or excerpts, or by incorporation by reference. In
> case of incorporation by reference, the materials so incorporated shall be available for
> examination by the parties before being received in evidence.

In the present case, the requirements of La. Ch.C. arts. 326[3] and 327[4] were not complied with, and therefore, the forensic interview of J.B. should not have been admitted and considered by the DAL in its decision. The juvenile court specifically listed the deficiencies as follows:

> The interview was conducted in Texas, and none of the DCFS witnesses who testified as to the videotape's contents were present when the interview was conducted, rendering their testimony double hearsay. DCFS failed to establish the credentials of the Texas interviewer, the competence of J.B. (who was three years, four months old at the time) to testify, or the identities of everyone who was present at the interview. The interviewer was not present to testify at the hearing as required by Article 327(A)(2). There was nothing preventing DCFS from complying with Articles 326 and 327, and had the Department done so the tape recorded interview would have been admissible pursuant to Article 325. In these circumstances, the DAL erred in admitting the tape-recorded interview and in relying upon it.

---

[3] La. Ch.C. art. 326 states as follows:

A. A videotape of the statements of a protected person who is alleged to be the victim of or witness to a crime may be offered in evidence for or against such crime. To render such a videotape competent evidence, all of the following must be satisfactorily proved:

(1) Such electronic recording was voluntarily made by the protected person.
(2) No relative of the protected person was present in the room in which the recording was made.
(3) No attorney for either party was present when the statement was made.
(4) Such recording was not made of answers to questions calculated to lead the protected person to make any particular statement.
(5) Such recording is both visual and oral and is recorded on film or videotape or by other electronic means.
(6) Such recording is accurate, has not been altered, and reflects what the protected person said.
(7) The taking of the protected person's statement was supervised by a physician, a social worker, a law enforcement officer, a licensed psychologist, medical psychologist, licensed professional counselor, or an authorized representative of the department.
(8) Every voice on the recording is identified.

B. The department shall develop and promulgate regulations regarding training requirements and certification for department personnel who are authorized to supervise the taking of the protected person's statement.

[4] La. Ch.C. art. 327 provides:

A. A prehearing videotape which meets all the requirements of Article 326 may be admissible into evidence if all of the following occur:

(1) The parties to the proceeding are afforded an opportunity to view the recording before it is offered into evidence.
(2) The person conducting or supervising the interview of the protected person in the recording is present at the proceeding and available to testify or be cross-examined by either party.
(3) The protected person is available to testify.

B. The admission into evidence of the videotape as authorized herein shall not preclude the state from calling the protected person as a witness or taking the protected person's testimony outside the courtroom as otherwise authorized by law.

C. Nothing in this Chapter shall be construed to prohibit the right of confrontation of a defendant in a criminal proceeding before the court.

We recognize, as DCFS suggests, that administrative proceedings have relaxed evidentiary standards, and that hearsay may be admitted in administrative hearings. However, that evidence must nonetheless be competent. Hearsay evidence qualifies as competent evidence if it has a degree of reliability and trustworthiness and is of the type that reasonable persons would rely upon. This determination must be made on a case-by-case basis under the particular facts and circumstances. *Chaisson v. Cajun Bag & Supply Co.*, 97-1225 (La. 3/4/98), 708 So.2d 375, 382. Furthermore, the admission of such hearsay evidence in an administrative hearing must not infringe upon any constitutional principles. *Chaumont v. City of New Orleans*, 20-17 (La. App. 4 Cir. 6/3/20), 302 So.3d 39, 48.

In the present case, J.B.'s forensic interview clearly cannot be considered competent evidence absent compliance with the requirements set forth in the Children's Code for its admission into evidence. Furthermore, allowing this interview to be admitted in this proceeding, which involves serious allegations against J.M., without requiring some safeguards supporting its reliability, would certainly infringe upon J.M.'s constitutional rights.

We next turn our attention to DCFS' argument that the juvenile court erred in finding that the administrative tribunal's refusal to stay the administrative proceedings pending the outcome of the criminal proceeding in Texas was "arbitrary and capricious" within the meaning of La. R.S. 49:964(G).

At the October 28, 2019 hearing before the DAL, the attorney for J.M. re-urged her ongoing motion for a stay of the proceedings pending resolution of the criminal proceedings in Texas, noting her client's Fifth Amendment rights. Counsel particularly asserted that until the criminal proceedings are resolved, J.M. cannot fully participate in the proceedings or defend himself and present evidence

that later could be used against him if there was an actual criminal proceeding filed in the grand jury. Further, J.M.'s attorney stressed that her client's right to confrontation would be affected as all of the witnesses are located in Texas, involved in the open Texas proceeding, and are not available to the administrative tribunal until the Texas case is resolved. Counsel further mentioned that if the grand jury in Texas refused to indict J.M., that information would be relevant to the administrative tribunal, who is considering the same evidence. We find the reasons articulated by J.M.'s attorney in her request for a stay to be compelling and thus find that the administrative tribunal abused its discretion in denying that request.

**CONCLUSION**

Pursuant to our independent review, we find the substantial rights of J.M. have been prejudiced by the administrative tribunal's admission into evidence of J.B.'s forensic interview that was not in compliance with the standards set by the Children's Code and by its denial of a continuance or stay pending the outcome of the criminal proceedings in Texas. Accordingly, we affirm the juvenile court judgment that reversed the valid findings against J.M. of sexual enticement and sexual intercourse, and we order that DCFS' records and the State Central Registry be corrected in accordance with the juvenile court's directive in its June 23, 2020 written judgment.

**<u>AFFIRMED</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **MARCH 31, 2021** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 20-CA-309

**E-NOTIFIED**
JUVENILE COURT (CLERK)
HON. BARRON C. BURMASTER (DISTRICT JUDGE)
SHERRY A. WATTERS (APPELLEE)          GABRIELLE A. WILSON (APPELLANT)

**MAILED**
MARTA A. SCHNABEL (APPELLEE)          AMBER LITCHFIELD  (APPELLEE)
ATTORNEY AT LAW                       DIVISION OF ADMINISTRATVIE LAW
935 GRAVIER STREET                    1020 FLORIDA STREET
SUITE 900                             BATON ROUGE, LA 70802
NEW ORLEANS, LA 70112